**Lamar A. McVAY, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. 22981.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 28, 2000.

---

Irene Karns, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Adriane D. Crouse, Asst. Atty. Gen., Jefferson City, for respondent.

PHILLIP R. GARRISON, Chief Judge.

Lamar A. McVay ("Movant") pled guilty to the class A felony of robbery in the first degree, Section 569.020,[1] and was sentenced to ten years. Movant, thereafter, pursuant to Rule 24.035 filed a motion for post-conviction relief, which was later amended. The motion court denied relief without an evidentiary hearing. Movant appeals.

Movant's sole point on appeal is that the motion court erred in denying relief without an evidentiary hearing in that Movant pled factual allegations which, if proven, would warrant relief and that are not refuted by the record. Movant alleges that he received ineffective assistance of counsel in the underlying criminal case as a result of plea counsel's failure to "test the State's identification evidence by insisting that the eyewitnesses pick [Movant] from among a lineup, or deposing them in order to assess the accuracy of the identification." Movant maintains that, if plea counsel had requested an appropriate identification process, he would not have been coerced into pleading guilty and would have insisted on going to trial.

■ Appellate review of the denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Huth v. State*, 976 S.W.2d 514, 516 (Mo.App. E.D.1998). A motion court's findings are clearly erroneous if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991).

■ An evidentiary hearing is not required unless the movant's motion meets three requirements: (1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant. *Coates v. State*, 939 S.W.2d 912, 914 (Mo. banc 1997); *McClellan v. State*, 967 S.W.2d 706, 708 (Mo.App. S.D.1998).

---

1. All statutory references are to RSMo 1994, and all rule references are to Missouri Rules of Criminal Procedure (1999), unless otherwise indicated.

A criminal defendant seeking post-conviction relief based on ineffective assistance of counsel must demonstrate that his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under substantially similar circumstances and that he was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Milner v. State*, 968 S.W.2d 229, 230 (Mo.App. S.D.1998). Because Movant's conviction resulted from a guilty plea, a claim of ineffective assistance of counsel is immaterial except to the extent that it infringes upon the voluntariness and knowledge with which the guilty plea was made. *Wilkins v. State*, 802 S.W.2d 491, 497 (Mo. banc 1991), *cert. denied*, 502 U.S. 841, 112 S.Ct. 131, 116 L.Ed.2d 98 (1991).

When reviewing an ineffective assistance of counsel claim, there is a strong presumption that counsel's conduct was reasonable under the circumstances. *Bauer v. State*, 949 S.W.2d 248, 249 (Mo. App. S.D.1997). In order to overcome such a presumption, a movant must establish a serious dereliction of duty by plea counsel that substantially affected his rights. *Bundy v. State*, 965 S.W.2d 402, 404 (Mo.App. S.D.1998). Movant must also show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 207 (1985). *See also Jones v. State*, 966 S.W.2d 340, 342 (Mo. App. S.D.1998).

In the instant case, in his amended Rule 24.035 motion, Movant asserted that the victim witnesses' description of him "fit[ ] half the black male population in the United States," and consequently, his plea counsel should have investigated to determine if either of the victim witnesses could have identified Movant through a lineup or photo spread, or should have deposed the victim witnesses to determine whether they could give an accurate description of Movant. The motion court denied an evidentiary hearing after concluding that the allegations made by Movant were "vague, speculative and illusory and [did] not warrant the expenditure of public resources to hold an evidentiary hearing thereon."

The motion court's finding is not clearly erroneous. By entering a guilty plea to the charge against him, Movant generally waived any future complaints that he might have had regarding plea counsel's failure to investigate. *Estes v. State*, 950 S.W.2d 539, 542 (Mo.App. E.D. 1997). In order to succeed on a claim of ineffective assistance of counsel based on inadequate preparation or investigation, Movant was required to allege what information plea counsel failed to discover; that a reasonable investigation or preparation would have resulted in the discovery of such information; and that the information would have aided or improved his defense. *Redeemer v. State*, 979 S.W.2d 565, 569 (Mo.App. W.D.1998). Here, Movant simply alleges that if the eyewitnesses could not describe the suspect of the robbery with "any greater specificity . . . the State's case was weak and [Movant] might have prevailed at trial" if his plea counsel had done further investigation. Movant has made no reasonably precise allegations in his amended motion to warrant an evidentiary hearing nor has he made a factual showing that a genuine injustice was created by plea counsel's failure to "test the State's identification evidence." Movant's allegation is too vague and conclusory to warrant relief.

Furthermore, Movant's allegation that his guilty plea was coerced is refuted by the record. At the plea hearing, the trial court specifically inquired:

Q: Is this your decision to plead guilty here today?

A: Yes, sir.

. . . .

Q: By pleading guilty to this charge, are you admitting to the Court that you committed this act?

A: Yes, sir.

Q: By pleading guilty to this charge, are you telling me you are in fact guilty of this crime?

A: Yes, sir.

. . . .

Q: Has anybody forced you or threatened you or promised you anything to make you plead guilty here today?

A: No, sir.

Q: Are you pleading guilty of your own free will?

A: Yes, sir.

. . . .

Q: Now, you've been represented by [plea counsel] as your lawyer; is that correct?

A: Yes, sir.

Q: Are you satisfied with her services?

A: Yes, sir.

Q: Has she done the things you'ved [sic] asked her to do as your lawyer?

A: Yes, sir.

Upon sentencing, Movant was also asked about the effectiveness of plea counsel's representation and reiterated that he was satisfied with her performance and that he was voluntarily pleading guilty:

Q: Now, you appeared before this Court on September 3 rd, and pled guilty to this charge. You were here with your lawyer at that time. Did you have enough time to talk about your case with your lawyer before you came to court on that day and pled guilty?

A: Yes, sir.

Q: And, has, basically [plea counsel] done everything that you asked [her] to do as your lawyer?

A: Yes, sir.

Q: Other than the plea-bargain, did [plea counsel], or for that matter, did anyone communicate any force or threats or promises to make you plead guilty on that day?

A: No, sir.

The questions posed and responses elicited by the judge at both the plea and sentencing hearings were specific enough to "conclusively refute" Movant's allegations. *State v. Driver*, 912 S.W.2d 52, 56 (Mo. banc 1995). Movant was specifically questioned as to whether plea counsel had done everything that Movant had asked her to do, and Movant answered, "Yes." Movant was fully aware that plea counsel had not interviewed the eyewitnesses and that a lineup had not been conducted; yet, he expressed satisfaction with her performance and indicated that his guilty plea was being entered voluntarily. If Movant was dissatisfied with plea counsel and felt that he was being coerced into entering a plea of guilty, he had ample opportunity during the proceedings to voice any such complaints.

Movant's claim that he was prejudiced by plea counsel's failure to "test the State's identification evidence" and was coerced into pleading guilty is refuted by the record and by his failure to plead sufficient facts. The motion court did not clearly err in denying relief without an evidentiary hearing.

The judgment of the motion court is affirmed.

PREWITT, J., and BARNEY, J., concur.