Kevin Luke PATRICK, Appellant,

v.

STATE of Missouri, Respondent.

No. 26493.

Missouri Court of Appeals,
Southern District,
Division Two.

April 26, 2005.

Irene Karns, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Stewart M. Freilich, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT S. BARNEY, Judge.

Appellant Kevin Patrick ("Movant") appeals from the motion court's denial of his Amended Motion to Vacate, Set Aside, or Correct Sentence and Judgment brought pursuant to Rule 24.035.[1] On November 13, 2002, Movant entered an *Alford* plea to charges of manufacturing a controlled substance, a class B felony under section 195.211, and delivery of an imitation controlled substance, a class D felony under section 195.242.[2] Movant was sentenced to concurrent terms of nine years in prison for manufacturing a controlled substance and five years in prison for delivering an imitation controlled substance.[3] In Movant's amended Rule 24.035 motion and in this appeal, Movant contends he was denied effective assistance of counsel because his counsel did not advise him that certain evidence could have been suppressed based on the inadequate affidavit underlying the search warrant upon which the charges were based. Following an evidentiary hearing, the motion court denied relief. We affirm the motion court's ruling.

A review of the facts in the underlying criminal case reveals the charges against Movant stemmed from two incidents which occurred in March of 2002.

On March 21, 2002, Movant sold methamphetamine to an undercover informant from his home in Barton County. Thereafter, Movant made a second sale to an informant of a substance that was purportedly methamphetamine; however, later tests revealed it was pseudo-ephedrine and not a controlled substance. Based on the foregoing transactions, on March 26, 2002, the Barton County Sheriff's Department executed a search warrant on Movant's home. The search of Movant's residence revealed a rifle, "jars containing multilayered liquids, coffee filters, red phosphorus, Red Devil Lye, Liquid Fire, Heet, ... syringes, [an] unknown powder substance, rubbing alcohol, cans of Coleman fuel, cans of acetone, two hot plates, a flask and rubber tubing." Several of the items discovered at Movant's home tested positive for traces of methamphetamine. Upon Movant's arrest and after being advised of his *Miranda*[4] rights, Movant admitted to the Sheriff that "he did cook [m]ethamphetamine as he needed it" and showed the Sheriff "the needle tracks in his arms."

In his sole point on appeal, Movant alleges the motion court erred in denying his

---

1. Unless otherwise specified, all Rule references are to Missouri Court Rules (2004) and all statutory references are to RSMo 2000.

2. *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Movant's *Alford* plea was entered based on a plea agreement with the State of Missouri ("the State"). It appears from the record that in exchange for Movant's *Alford* plea to the two counts detailed above, the State agreed to: (a) dismiss two other charges against Movant; (b) refrain from prosecuting Movant for an additional charge arising from evidence discovered at Movant's home during the execution of the search warrant; (c) recommend a lesser sentence; (d) refrain from charging

Movant as a prior drug offender under section 195.275; and, (e) recommend Movant enter a treatment program which, upon completion of the treatment program, would allow Movant to be placed on five years supervised probation.

3. In addition to the above terms of imprisonment, Movant was required to enter "the Long-term program for the treatment of chronic nonviolent offenders with serious substance abuse addictions pursuant to [section] 217.362...."

4. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Rule 24.035 motion. Specifically, Movant alleges his plea counsel was ineffective because his "plea was unknowing and involuntary in that counsel did not advise him that items taken from his home and his subsequent incriminating statement could have been challenged as the fruits of an illegal search and seizure due to an inadequate affidavit underlying the search warrant."

■■■ "Appellate review of denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous." *White v. State,* 957 S.W.2d 805, 807 (Mo. App.1997); Rule 24.035(k). " 'The findings and conclusions are deemed erroneous if after reviewing the record, this [C]ourt is left with the definite and firm belief that a mistake has been made.' " *Goings v. State,* 1 S.W.3d 600, 601 (Mo.App.1999) (quoting *Saffold v. State,* 982 S.W.2d 749, 752 (Mo.App.1998)). We presume that the motion court's findings and conclusions are correct. *Butts v. State,* 85 S.W.3d 132, 134 (Mo.App.2002). "Movant has the burden of proving the grounds asserted for post-conviction relief by a preponderance of the evidence." *Jenkins v. State,* 9 S.W.3d 705, 707 (Mo.App.1999).

■■■ To prevail on a claim of ineffective assistance of counsel, Movant must show by a preponderance of the evidence that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would have exhibited under similar circumstances and that Movant was thereby prejudiced. *McVay v. State,* 12 S.W.3d 370, 373 (Mo.App.2000) (*see Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). "To show prejudice in a case where the movant entered a guilty plea, the movant must show a reasonable probability that, but for counsel's unprofessional errors, movant would not have pleaded guilty and would instead have insisted upon going to trial." *State v. Nunley,* 980 S.W.2d 290, 292 (Mo. banc 1998). If either the performance or the prejudice prong of the test is not met, then we need not consider the other, and Movant's claim of ineffective assistance of counsel must fail. *Id.*

"When reviewing an ineffective assistance of counsel claim, there is a strong presumption that counsel's conduct was reasonable under the circumstances." *McVay,* 12 S.W.3d at 373. "In order to overcome such a presumption, a movant must establish a serious dereliction of duty by plea counsel that substantially affected his rights." *Id.* In considering a Rule 24.035 claim of ineffective assistance of counsel, courts must " 'view the reasonableness of counsel's conduct from counsel's perspective at the time and eliminate hindsight from consideration.' " *Moore v. State,* 39 S.W.3d 888, 893 (Mo.App.2001) (quoting *Henderson v. State,* 977 S.W.2d 508, 511 (Mo.App.1998)).

■■■ Where, as here, there is a negotiated plea of guilty, a claim of "ineffective assistance is immaterial except to the extent that it impinges upon the voluntariness and knowledge with which the guilty plea was made." *Cupp v. State,* 935 S.W.2d 367, 368 (Mo.App.1996). An *Alford* plea is not treated differently than a guilty plea where the accused admits the commission of the crime charged. *Wilson v. State,* 813 S.W.2d 833, 843 (Mo. banc 1991). "As with any guilty plea, an *Alford* plea is valid if it 'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " *Sexton v. State,* 36 S.W.3d 782, 785 (Mo.App.2001) (quoting *Alford,* 400 U.S. at 31, 91 S.Ct. at 164, 27 L.Ed.2d at 167).

■ In the instant matter, the record reveals that at his plea hearing, Movant acknowledged that his plea was entered with the benefit of a plea bargain; that he was waiving his right to a preliminary hearing; that he had been advised of all of his constitutional rights; and, that he and his attorney had discussed the case at length. He indicated that he desired to enter an *Alford* plea and that his plea was made knowingly, willingly, voluntarily and intelligently. Thereafter, the trial court accepted Movant's plea and found that Movant understood the nature of the charges against him; that he understood the consequences of entering his plea; and, that his plea was entered freely and voluntarily. Additionally, Movant acknowledged he had "plenty of time to talk with [his] attorney" prior to entering his plea; that his attorney had done everything that he had wished him to do; and, that he was satisfied with his attorney's services.

■ Movant's foregoing assertions in his colloquy with the trial court firmly establishes that Movant's plea was voluntarily and knowingly entered. "A [Movant] who repeatedly assures the court that he is satisfied with his counsel's performance and that his counsel had done everything that he requested, is later barred from obtaining post-conviction relief based on ineffective assistance of counsel." *Estes v. State*, 950 S.W.2d 539, 542 (Mo. App.1997). Movant's *Alford* plea was voluntarily and knowingly entered.

■ With that being said, "[a] complaint contending that counsel failed to render assistance to the standard required by law by failing to file and pursue a motion to suppress is waived by a voluntary entry of a guilty plea." *Steinle v. State*, 861 S.W.2d 141, 144 (Mo.App.1993). [I]f [Movant] (a) was aware that, through counsel, he could move to suppress his statements to law enforcement officers and to suppress physical evidence, (b) understood that by entering a plea of guilty he waived the right to file such a motion, and (c) voluntarily entered the guilty plea, he cannot now successfully complain that trial counsel failed to file a motion to suppress.

*Smith v. State*, 937 S.W.2d 339, 342 (Mo. App.1996). "The existence of allegedly inadmissible evidence against an accused is not sufficient to vacate a guilty plea which was voluntarily and understandingly made." *Hatchett v. State*, 909 S.W.2d 748, 750 (Mo.App.1995). Additionally, the decision regarding "whether to file a motion to suppress is a matter of trial strategy . . . ." *State v. Maddix*, 935 S.W.2d 666, 672 (Mo. App.1996). Trial "counsel will not be deemed ineffective for failing to file a meritless motion to suppress." *Id.; see also State v. Hunter*, 840 S.W.2d 850, 870 (Mo. banc 1992).

At the evidentiary hearing on this matter, Movant's counsel testified that he "discussed at length" the adequacy of the search warrant and the option of filing a motion to suppress with Movant. Movant's counsel explained to Movant that if he wanted to file a motion to suppress "he would be bound over on at least one charge, and that it was up to the Court as to whether he would be bound over on the other three charges" and might even face an additional charge. Further, Movant's counsel stated that regardless of whether or not the evidence found during the execution of the search warrant could be excluded, "there would [still] be evidence which could be used against him . . ." such as the methamphetamine and the pseudoephedrine Movant sold to the informant. Movant's counsel stated that based on the foregoing discussions, Movant "chose the plea route" rather than filing a motion to suppress and proceeding to trial.

Movant has failed to meet his burden of proof. *See Jenkins*, 9 S.W.3d at 707. Movant's counsel's decision not to file a motion to suppress based on the allegedly defective search warrant was reasonable trial strategy. *See Maddix*, 935 S.W.2d at 672. Further, it is Movant's contention that "the affidavit did not provide sufficient information to support issuance of the warrant on probable cause;" however, Movant did not even enter into evidence at the evidentiary hearing "the affidavit in support of the search warrant [or] the search warrant itself" and he "failed to call any law enforcement personnel involved in procuring and executing the search warrant to testify" in his effort to prove a "serious dereliction of duty by plea counsel that substantially affected his rights." *See Moore*, 39 S.W.3d at 892; *Jenkins*, 9 S.W.3d at 707. As a result, Movant has failed to prove that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would have exhibited under similar circumstances. *Moore*, 39 S.W.3d at 893.

Accordingly, the motion court's findings and conclusions are supported by the record and are not clearly erroneous. Rule 24.035(k). The judgment of the motion court is affirmed.

SHRUM, J., and BATES, C.J., concur.