Amil **BEQUETTE**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. ED 84289.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 26, 2005.

Michelle M. Rivera, St. Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Jefferson City, MO, for Respondent.

LAWRENCE G. CRAHAN, Judge.

Amil Bequette ("Movant") appeals the judgment denying his Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing. We reverse and remand.

Movant was charged with three counts of criminal non-support. After the State agreed to various conditions, including an agreement to dismiss two of the three counts, Movant pled guilty to one count of criminal non-support. The trial court sentenced Movant to three years' imprisonment.

Movant filed his pro se motion for post-conviction relief after sentencing. Movant's appointed attorney filed an amended motion alleging that his plea counsel ("Counsel") was ineffective in failing to adequately explain defense theories available to Movant or to interview witnesses who could testify in Movant's defense. In particular, Movant contended that he informed Counsel that his children had not lived with their mother, to whom Movant owed child support, for quite some time, since the children had instead lived at different times with their maternal grandmother and Movant's mother. Movant also told Counsel that he directly contributed to the children's support by providing food, clothing, and lodging for the children during this time. According to Movant, Counsel responded that the court records indicating lapses in payment of decretal support to the children's mother were enough to convict him and that he could not present a defense to the charges of criminal non-support. Movant asserted that Counsel incorrectly believed that Movant had no possible defense to his charges of non-support, in that even though the records showed that he missed

---

1. Unless otherwise indicated, all references to Rules are to Mo. R.Crim. P.2005.

decretal payments, he could produce evidence that he provided adequate support to the children directly. Consequently, Movant urges that his guilty plea was not voluntary and intelligent because it was based on erroneous advice from Counsel.

The motion court entered its findings of fact and conclusions of law denying Movant's motion without an evidentiary hearing. This appeal follows.

■■■ When reviewing a motion court's denial of post-conviction relief, this court is limited to a determination of whether the motion court's findings, conclusions, and judgment are clearly erroneous. *Willoughby v. State*, 81 S.W.3d 676, 679 (Mo. App.2002). Because the findings of the motion court are presumed to be correct, they are deemed clearly erroneous only if, after a review of the entire record, this court is left with the definite and firm impression that a mistake has been made. *Id.* Absent an abuse of discretion, we defer to the trial court's determination as to whether a defendant's guilty plea was voluntary. *Id.*

■■■ In Movant's sole point on appeal, he argues that the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing because he alleged facts not conclusively refuted by the record that would entitle him to relief based on Counsel's ineffectiveness. Specifically, Movant argues that Counsel was ineffective in failing to inform him that he had a possible theory of defense and for failing to investigate witnesses who could support his defense. According to Movant, had Counsel further investigated and informed him of his defense, he would have refused to plead guilty.

■■■ In order to obtain an evidentiary hearing on claims of ineffective assistance of counsel, (1) the movant must raise facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the record; and (3) the matters complained of must have resulted in prejudice to the movant. *Morrison v. State*, 65 S.W.3d 561, 563 (Mo.App.2002).

A claim of ineffective assistance of counsel requires that Movant show: (1) that Counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances; and (2) that Movant was prejudiced thereby. *Rice v. State*, 988 S.W.2d 556, 558 (Mo.App.1999) (citing *Strickland v. Washington*, 466 U.S. 668, 694–95, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). In reviewing Movant's ineffective assistance of counsel claim, there is a strong presumption that Counsel's conduct was reasonable under the circumstances. *McVay v. State*, 12 S.W.3d 370, 373 (Mo. App.2000). In order to overcome the presumption, Movant must establish a serious dereliction of duty by plea counsel that substantially affected his rights. *Id.* Prejudice exists in a guilty plea case where a movant proves that, but for counsel's ineffectiveness, he would not have pled guilty and would have demanded a trial. *Rice*, 988 S.W.2d at 558.

■■■ A guilty plea generally waives any future complaint the movant might have about plea counsel's failure to investigate his case. *Simmons v. State*, 100 S.W.3d 143, 146 (Mo.App.2003). In fact, a guilty plea renders a claim of ineffective assistance of counsel irrelevant except to the extent that is affects the voluntariness and understanding with which the movant made his plea. *Id.* A plea must not only be a voluntary expression of the defendant's choice; it must also be a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences of the act. *State v. Hunter*, 840 S.W.2d 850, 861 (Mo. banc 1992). "A plea of guilty is not made volun-

tarily if the defendant is misled, or is induced to plead guilty by fraud or mistake, by misapprehension, fear, persuasion, or the holding out of hopes which prove to be false or ill founded." *Drew v. State,* 436 S.W.2d 727, 729 (Mo.1969) (internal citations omitted).

The motion court found that the record refuted Movant's claims that Counsel was ineffective. In particular, the motion court noted that during the plea hearing, Movant repeatedly assured the court that he was satisfied with Counsel's representation, specifically including Counsel's investigation of witnesses and explanation of defenses available. However, Movant argues that although he did not express dissatisfaction with Counsel at the plea hearing or mention Counsel's ineffectiveness for failing to further investigate his defense at the sentencing hearing, he failed to make such claims because he was not aware that the defense was available at that time. He also asserts that even though he testified at the plea hearing that he neglected to pay his child support as charged in the State's complaint, Movant merely meant that he did not make payments to the court. Movant states that Counsel failed to inform him that other forms of support, such as providing food and clothing, can constitute support under the criminal non-support statute. *See* section 568.040.2(3)[2] (defining "support" as food, clothing, lodging, and medical or surgical attention); *State v. Nichols,* 725 S.W.2d 927, 929 (Mo. App.1987) (stating that court records showing a defendant's failure to pay decretal support payments were relevant to the issue of the defendant's failure to meet his common-law duty of support, but were not determinative of whether the State made a submissible case against the defendant for non-support because the evidence did not establish whether the defendant paid child support in other ways within the statutory meaning of "support"). Therefore, Movant argues that he had no reason to know at the time of his guilty plea that Counsel was ineffective for misinforming him that the court records of nonpayment were determinative of his guilt.

We find the motion court erred in denying Movant an evidentiary hearing. Assuming that Movant's allegations that he adequately contributed to his children's support are true, they constitute facts, not conclusions, which could constitute a defense. Movant's allegations that Counsel was ineffective in misinforming him about the possibility of a defense are not refuted by the record because they are based on information Movant obtained subsequent to his plea and sentencing testimony. If Movant can prove that Counsel misinformed him as to the possibility of a defense and failed to investigate that defense, Movant's guilty plea may be vacated and set aside. Rule 24.035(j). The motion court erred in denying his Rule 24.035 motion without an evidentiary hearing. Movant's point is granted.

The judgment is reversed and remanded for further proceedings consistent with this opinion.

LAWRENCE E. MOONEY, P.J., and MARY K. HOFF, J., concur.

---

**2.** All statutory references are to RSMo 2000     unless otherwise indicated.