Harry L. FISHER, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 27308.

Missouri Court of Appeals, Southern District, Division Two.

May 31, 2006.

Ellen H. Flottman, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Dora A. Fichter, Assistant Attorney General, Jefferson City, for Respondent.

PHILLIP R. GARRISON, Judge.

Harry L. Fisher ("Movant") appeals the trial court's denial of his Rule 24.035[1] post-conviction relief motion without an evidentiary hearing. Movant contends that the trial court erred in denying his motion because he received ineffective assistance of counsel when his attorney failed to ade-

---

1. All references to rules are to Missouri Rules of Criminal Procedure (2004), and all references to statutes are to RSMo (2000), unless otherwise indicated.

quately investigate, and that his due process rights under the Missouri and United States Constitutions were violated when the State failed to disclose exculpatory evidence. We agree in part and reverse.

Movant was charged with the class C felonies of possession of a controlled substance, Section 195.202, and assault in the second degree, Section 565.060.[2] Movant entered a plea of guilty to the charge of possession of a controlled substance and entered an *Alford*[3] plea to the charge of assault in the second degree. Plea counsel explained that the reason Movant entered the *Alford* plea, was that he did not remember assaulting the victim, but that he and Movant had gone over the State's evidence against Movant and found it to be overwhelming.

At the plea hearing, the State outlined what the evidence on the assault charge would be if Movant was to go to trial:

> [O]n or about the early morning of October 22, 2003 in Charleston, Mississippi County, Missouri, Charleston police officers received a call about a disturbance in progress. When they responded to the call they heard screaming coming from a residence.
>
> When Officer Mitch Baker went to the front door of this residence he saw [Movant] holding ... [the victim] on the ground with his body. [Movant] had a metal pipe with him. He was holding it across her head and neck area, striking her about the torso.

The trial court accepted Movant's pleas and sentenced him to concurrent six-year sentences on both offenses.

Movant filed a timely pro se Rule 24.035 post-conviction motion, and Movant's appointed counsel filed an amended motion alleging that plea counsel was ineffective in failing to investigate and talk to the victim, who would have stated that Movant did not assault her. He also alleged that the State violated his due process rights by failing to disclose to him the fact that the victim had made exculpatory statements.

The motion court denied Movant's motion without an evidentiary hearing. In its judgment and findings of fact and conclusions of law, the motion court stated that after reviewing the plea transcript, it found that Movant testified under oath that he was satisfied with his representation and that he believed that it was in his best interests to enter an *Alford* plea. The motion court concluded that Movant's attorney exercised that degree of performance which conforms to the care and skill of a reasonably competent attorney and that Movant was not prejudiced. The motion court also found that Movant's claim that the State failed to disclose exculpatory evidence was without merit because "there [was] no evidence that the victim wished to recant her version of the events." The motion court determined that neither claim was meritorious in light of the overwhelming evidence that Movant committed the assault. Movant appeals this judgment.

When reviewing a denial of a Rule 24.035 motion we are constrained to determining whether or not the motion court's findings, conclusions, and judgment were clearly erroneous. Rule 24.035(k); *Be-*

---

2. Movant does not appeal the denial of his Rule 24.035 motion as it relates to his conviction for possession of a controlled substance.

3. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (allowing a guilty plea to stand where it was based on the weight of the evidence against the defendant and the severity of the penalty that could be imposed, as opposed to an actual admission of guilt).

*quette v. State,* 161 S.W.3d 905, 907 (Mo. App. E.D.2005). Clear error is only present if, "after a review of the entire record, this court is left with the definite and firm impression that a mistake has been made." *Bequette,* 161 S.W.3d at 907.

■ In Movant's two points on appeal, he contends that the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing. For the sake of convenience we first consider Point II. There, Movant argues that the motion court erred in denying his Rule 24.035 motion because the State allegedly withheld exculpatory evidence. This evidence, that the victim recanted her statement to the police and now claims that Movant did not assault her, was only "discovered" by Movant after his plea and conviction.

■ Claims relying solely on newly discovered evidence are not cognizable under Rule 24.035. *See Wilson v. State,* 813 S.W.2d 833, 835 (Mo. banc 1991). "Missouri's post-conviction relief rules are not a proper vehicle for the examination of claims of newly discovered evidence." *Henderson v. State,* 32 S.W.3d 769, 771 (Mo.App. S.D.2000) (quoting *Wilson,* 813 S.W.2d at 834). This claim is more appropriately addressed in a petition for a writ of habeas corpus, a motion to withdraw his plea or in a pardon application. *See Wilson,* 813 S.W.2d at 834–35. Accordingly, Point II is denied.

■ Turning now to Point I, Movant argues that he is entitled to an evidentiary hearing on the question of whether his trial counsel was ineffective in failing to conduct an adequate investigation which would have uncovered the fact that the victim recanted her statement to the police that Movant assaulted her. We agree and remand.

■■ A motion court is only empowered to deny a Rule 24.035 motion without an evidentiary hearing when "the motion and the files and records of the case conclusively show that the movant is entitled to no relief." *Coates v. State,* 939 S.W.2d 912, 914 (Mo. banc 1997) (quoting Rule 24.035(h)). In order to avoid this fate a Movant's motion must: (1) allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the Movant. *McVay v. State,* 12 S.W.3d 370, 372 (Mo.App. S.D. 2000). As will be seen, Movant's motion met this standard.

■ At the outset, we note that an *Alford* plea is treated no differently than a guilty plea in which a defendant admits he committed the particular act charged. *Wilson,* 813 S.W.2d at 843; *Patrick v. State,* 160 S.W.3d 452, 455 (Mo.App. S.D. 2005). Ordinarily, any ineffective assistance of counsel claim Movant might have had was waived by his guilty plea. *Bequette,* 161 S.W.3d at 907. The only relevance a claim that counsel failed to adequately investigate Movant's case has in this context, is the extent to which counsel's inadequate investigation affected the voluntariness and understanding with which Movant entered his plea. *Id.*

■ When a defendant enters a plea of guilty to a felony and waives his right to a trial it must be more than voluntary, it must "be a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences of the act." *Id.* A guilty plea cannot be voluntary if it is the result of fraud, mistake, misapprehension, fear, persuasion "or the holding out of hopes which prove to be false or ill founded." *Id.* at 907–08 (quoting *Drew v. State,* 436 S.W.2d 727, 729 (Mo.1969).

In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would have employed under similar circumstances, and that this failure prejudiced him. *Bequette*, 161 S.W.3d at 907. There is a strong presumption that counsel accorded herself in a reasonable manner under the circumstances. *Id.* To overcome this presumption Movant must show a grave "dereliction of duty by plea counsel that substantially affected his rights." *Id.* When counsel is charged with failing to conduct an adequate investigation we look to whether she fulfilled her obligation to either conduct a reasonable investigation or to make a reasonable decision that a particular investigation was unnecessary. *Crooks v. State*, 131 S.W.3d 407, 410 (Mo. App. S.D.2004).

Furthermore, a movant claiming his attorney's investigation amounted to ineffective assistance of counsel must "specifically allege what information the attorney failed to discover, that reasonable investigation would have disclosed that information, and that this information would have improved movant's position." *Edmonds v. State*, 819 S.W.2d 90, 93 (Mo.App. S.D.1991). Movant must also show plea counsel's failure to investigate prejudiced him. *Bequette*, 161 S.W.3d at 907. Prejudice is shown by establishing that but for counsel's ineffectiveness, Movant would not have entered his plea and would have demanded a trial. *Id.*

The motion court found that:

Assuming, arguendo, that [M]ovant's allegations are in fact true, it is of no consequence. The [S]tate's evidence is overwhelming that [M]ovant committed both crimes. Even assuming that the victim recanted her version of the events, the officers' eyewitness testimony is sufficient to support a finding of guilt beyond a reasonable doubt. The Prosecuting Attorney is under no duty to dismiss a case merely because the victim may wish not to proceed. First, the police officers witnessed [M]ovant on top of the victim when they arrived on the scene. Second, officers observed [M]ovant with a metal pipe and holding it across her head and neck, and further, striking her about the torso. Further, there is no evidence that the victim wished to recant her version of the events.

After a careful review of the Plea Transcript, it is apparent that [M]ovant's attorney exercised that degree of performance which conforms to the care and skill of a reasonably competent lawyer, and that [M]ovant was not prejudiced by the behavior of his attorney. [M]ovant's counsel noted that counsel and [M]ovant " . . . have gone over the evidence and the evidence would be overwhelming that in fact it did happen. He is truly unable to remember it." Further, [M]ovant testified, under oath, that he was satisfied with the representation of his attorney, and that he believed that it was in his best interests to enter a plea. (citations omitted).

Because the motion court denied Movant's motion without an evidentiary hearing as requested, the sole concern here is whether Movant's motion required such a hearing. As noted above, a hearing is required when Movant has pled facts, not conclusions, that are not refuted by the record and that show Movant was prejudiced. *See McVay*, 12 S.W.3d at 372. The motion court found that plea counsel comported herself to the standards of other attorney's in similar circumstances. However, the record before us does not "conclusively show that the movant is entitled to no relief." Rule 24.035(h).

Movant has specifically alleged that it was unreasonable for his attorney not to have interviewed or spoken with the victim and learned that she no longer maintained that he assaulted her. This is a factual assertion which, if true, would have provided evidence contradicting the testimony of the police officer. *See Perkey v. State,* 68 S.W.3d 547, 552 (Mo.App. W.D.2001) (failure to investigate and call a witnesses whose testimony would contradict a key witness of the State deemed ineffective assistance of counsel). This claim is not refuted by the record because he did not expressly admit to committing the assault. To the contrary, Movant testified that "[r]eally, I don't think I did it."

The motion court also found that there was no evidence that victim actually recanted her statement, however, all that is necessary is that Movant allege such and that it not be refuted by the record. There is no requirement that the actual evidence be supplied with the motion. Rather, it occurs to us, that is the purpose of the *evidentiary* hearing. In any event, Movant stated in his motion that he could produce the victim's affidavit supporting his allegation. Therefore, if Movant has shown that he can illustrate that his attorney's failure to investigate prejudiced him, an evidentiary hearing is necessary to adequately decide the motion under Rule 24.035(h).

The motion court found no prejudice because there was, what it called overwhelming evidence that Movant committed the assault. However, the question of whether Movant was prejudiced in this context is to be answered by determining not whether he would have prevailed at trial, but whether he would have chosen to enter an *Alford* plea and forgo his right to trial if he had known that the victim had made exculpatory statements. *Bequette,* 161 S.W.3d at 907. This inquiry is largely driven by determining whether the information would have caused plea counsel to "change [her] recommendation as to the plea." *Armour v. State,* 741 S.W.2d 683, 688–89 (Mo.App. E.D.1987). Of course the likelihood of success at trial would influence plea counsel's recommendation. *Id.*

The police officer's eyewitness account of the alleged assault is indeed strong evidence against Movant. However, we cannot conclusively state, without testimony from Movant and/or plea counsel, that he would have entered an *Alford* plea despite knowing the victim's version of events now contradicts that of the police officer. The State points out that at the plea hearing Movant, after stating that he believed it was in his best interest to enter an *Alford* plea, answered in the affirmative when the judge asked him if his plea was "[b]ased on the statement the police officer made to the [p]rosecutor." This, it is contended, illustrates that Movant could not have been prejudiced by his lack of knowledge of the victim's latest version of the events because his plea was based on the police officer's testimony. However, knowing that the victim had changed her story would have been taken into account by plea counsel and Movant when negotiating the plea process. The State also argues that the victim's new version of the events is not credible and thus does not provide Movant with a defense, presumably making it unlikely that he would choose to go to trial. While this certainly may be the end result, it is well beyond our ability to hold that testimony which has not yet been heard or examined is not credible.

Simply put, it is impossible to predict, based upon this thin record, how Movant and his plea counsel would have dealt with the knowledge that the victim no longer alleged that he assaulted her. This, as well as whether plea counsel's actions com-

ported with that of other reasonable attorneys under the circumstances, is a factual inquiry and without the testimony of Movant, plea counsel or the victim it is impossible to state that Movant's motion conclusively shows he is entitled to no relief. *See* Rule 24.035(h).

Therefore, the motion court erred and an evidentiary hearing is necessary to determine 1) whether plea counsel's failure to interview the victim was a dereliction of her duty, and 2) whether it is reasonable to believe that had Movant known that the victim had changed her story, he would not have entered an *Alford* plea and would have chosen to go forward with a trial. Point I is well taken.

The judgment of the motion court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

SHRUM, P.J., and BARNEY, J., concur.