**Robert LEGENDRE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 93866.**

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 24, 2010.

Scott Thompson, Missouri Public Defender Office, Assistant Public Defender, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, James B. Farnsworth, Assistant Attorney General, Jefferson City, MO, for Respondent.

KURT S. ODENWALD, Presiding Judge.

## Introduction

Robert Legendre (Legendre) appeals the denial of his Rule 24.035[1] amended motion for post-conviction relief without an evidentiary hearing. The motion court denied Legendre's motion finding that the grounds alleged were refuted by the record and did not entitle Legendre to relief. In his motion, Legendre claimed that his plea counsel (Plea Counsel) misled him into believing that she had filed pre-trial motions to suppress evidence, and that he would not have pleaded guilty had he known Plea Counsel had not filed the motions. The facts alleged in Legendre's motion, if true, raise sufficient concern regarding the voluntariness of his plea. Because the facts alleged by Legendre are

---

1. Unless otherwise stated, all rule referenced are to Missouri Court Rules (2008).

not refuted by the record, and if proven true could entitle Legendre to relief, the motion court clearly erred in failing to conduct an evidentiary hearing. We therefore reverse the motion court's judgment and remand this matter for an evidentiary hearing.

*Background*

On November 19, 2005, the State charged Legendre with two counts of robbery in the first degree, in violation of Section 569.020, RSMo (2000),[2] and two counts of armed criminal action, in violation of Section 571.015. Legendre later appeared with Plea Counsel to enter guilty pleas to all charged counts. During the plea hearing, Legendre testified that he had sufficient time to discuss his case with Plea Counsel, that he understood his right not to plead guilty and instead proceed to trial on the charges, and that he was waiving his right to trial by pleading guilty. Legendre acknowledged that he was not threatened or promised anything to convince him to plead guilty and that he was pleading guilty voluntarily. Legendre admitted that he committed the acts alleged and that he was guilty of the crimes charged by the State. Legendre further acknowledged that Plea Counsel did everything he asked of her and that he was satisfied with her overall services.

At his subsequent sentencing hearing, Legendre again testified that he had sufficient time to discuss the charges with Plea Counsel prior to pleading guilty, that Plea Counsel answered all his questions, that Plea Counsel did what he asked her to do, that Plea Counsel fully explained his rights, that he had no complaints with Plea Counsel, and that Legendre felt Plea Counsel did a good job. Legendre further testified that Plea Counsel did not make any threats or promises to persuade him

to plead guilty and that he had no reason to believe that Plea Counsel did not represent him to the best of her ability. Legendre was sentenced to 25 years of imprisonment on each count, to run concurrently with each other and all other sentences from other jurisdictions.

On October 23, 2008, Legendre filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence, pursuant to Rule 24.035. Post-conviction counsel was appointed and subsequently filed an amended post-conviction motion requesting an evidentiary hearing. Legendre's amended motion alleged Plea Counsel was ineffective and that, but for Plea Counsel's ineffectiveness, he would not have pleaded guilty.

In his amended motion, Legendre alleged that Plea Counsel was ineffective for failing to file motions to suppress incriminating statements made by Legendre to the police and two out-of-court identifications, and for misleading Legendre into believing such motions had been filed with the trial court. Legendre alleged Plea Counsel informed him that hearings on the motions were postponed indefinitely when, in fact, Plea Counsel had not filed any motions to suppress.

In support of his claims, Legendre alleged that he informed Plea Counsel in September 2006, that he wanted to litigate his case and that he "adamantly told [Plea Counsel] he wanted to contest both his statements and the out-of-court ID's." Legendre alleged that Plea Counsel initially refused to file the motions, but in June 2007, she "partially relented to Legendre's requests," and agreed to prepare a motion to suppress the statements and to depose one of the victims. Legendre further alleged that after a period of inactivity Plea Counsel wrote him a letter stating that she

---

**2.** Unless otherwise stated, all further statutory references are to RSMo (2000).

anticipated a hearing on the motion to suppress Legendre's statements, and later wrote to him stating that the court may hear the motion in January 2008. Legendre claimed Plea Counsel told him in February 2008, that "because of the change to centralized docketing, it was unclear when or how the hearing would be conducted." Legendre further alleged that when he was told of his upcoming trial date in April 2008, Plea Counsel noted that "If we are able to schedule the suppression hearing for an earlier date, we will do so." Legendre claimed in his amended motion for post-conviction relief that neither Plea Counsel's notes and files, nor the court's minutes, reflected the filing of any motions to suppress.

In his amended motion, Legendre alleged that no hearing was held on any motion to suppress and that when he agreed to plead guilty, Legendre "assumed [Plea Counsel] had done everything in her power to litigate both his statement and the identifications." Legendre claimed it was not until he was incarcerated that he concluded Plea Counsel failed to litigate the motions to suppress as she had represented. Legendre claimed he was misled into pleading guilty with the suppression issues unresolved.

On September 25, 2009, the motion court entered its Findings of Fact, Conclusions of Law and Order. The motion court denied both Legendre's request for an evidentiary hearing and his amended motion for post-conviction relief. In denying Legendre's request for an evidentiary hearing, the motion court found that Legendre failed to allege grounds which, if true, would entitle him to relief and that were not refuted by the record. The motion court reasoned that because Legendre repeatedly testified that he was satisfied with Plea Counsel and that she had done everything he asked of her, Legendre's

pleas of guilty were both knowingly and voluntarily made.

Legendre filed a Notice of Appeal to this Court on November 3, 2009. This appeal follows.

## Point on Appeal

In his sole point on appeal, Legendre alleges that the motion court clearly erred when it denied his amended motion for post-conviction relief without an evidentiary hearing because Legendre alleged facts, not conclusively refuted by the record which, if proven, would entitle him to relief. Legendre claims Plea Counsel was ineffective for failing to diligently investigate and litigate pre-trial motions to suppress evidence although she assured Legendre she had done so. Legendre asserts that, but for his mistaken belief that the suppression issues had been raised before the trial court, he would not have pleaded guilty and would have instead proceeded to trial. Legendre posits that his expression of satisfaction with Plea Counsel's representation at the time he pleaded guilty and was sentenced did not refute Legendre's complaints that he was misled by Plea Counsel in a manner that affected the voluntariness of his guilty plea.

## Standard of Review

Appellate review of a motion court's denial of a post-conviction motion under Rule 24.035 "shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); *Weeks v. State*, 140 S.W.3d 39, 44 (Mo. banc 2004). Findings and conclusions are "clearly erroneous" if, after a review of the whole record, we are "left with the definite and firm impression that a mistake has been made." *Weeks*, 140 S.W.3d at 44.

## Discussion

**Legendre is entitled to an evidentiary hearing on his amended motion because his allegations that Plea Counsel misled him as to the filing of motions to suppress evidence are not refuted by the record.**

The salient issue before us is whether Legendre was entitled to an evidentiary hearing on his amended motion for post-conviction relief. Legendre alleges that Plea Counsel was ineffective because she failed to adequately investigate and litigate the admissibility of evidence, and, more importantly, that Plea Counsel misled Legendre into believing that she had filed motions to suppress evidence when she had not. Legendre claims he would not have pleaded guilty had he known the motions to suppress had not been filed. We agree with Legendre that the facts presented in his motion are not refuted by the record, and warrant an evidentiary hearing on his amended motion for post-conviction relief.

To warrant an evidentiary hearing, Legendre's amended post-conviction motion must meet three requirements: (1) it must contain facts, not conclusions, which, if true, would warrant relief; (2) the alleged facts must not be refuted by the record; and (3) the matters complained of must have resulted in prejudice. *Simmons v. State*, 100 S.W.3d 143, 145 (Mo. App. E.D.2003). "An evidentiary hearing may only be denied when the record *conclusively* shows that the movant is not entitled to relief." *Lane v. State*, 317 S.W.3d 125 (Mo.App. S.D.2010) (emphasis in original).

To prevail on a claim of ineffective assistance of counsel when the movant has entered a plea of guilty, the movant "must show his counsel's representation fell below an objective standard of reasonableness and that, as a result, he was prejudiced." *Hill v. State*, 301 S.W.3d 78, 82 (Mo.App. S.D.2010); *see also Roberts v. State*, 276 S.W.3d 833, 836 (Mo. banc 2009). Where a claim of post-conviction relief of a guilty plea is premised upon a charge of ineffective assistance of counsel, "the [movant] must demonstrate a reasonable probability, that but for counsel's errors, the [movant] would have insisted on a trial, rather than enter a guilty plea." *Buckner v. State*, 995 S.W.2d 47, 49 (Mo.App. W.D. 1999). Where, as here, there is a plea of guilty, a claim of ineffective assistance of counsel is "irrelevant except to the extent that it affects the voluntariness and understanding with which the movant made his plea." *Simmons*, 100 S.W.3d at 146; *see also Hill*, 301 S.W.3d at 82. "A plea must be a voluntary expression of the defendant's choice and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences of the act." *Roberts*, 276 S.W.3d at 836. A guilty plea is not "voluntary" if it results from fraud, mistake, misapprehension, fear, persuasion, "or the holding out of hopes which prove to be false or ill founded." *Hill*, 301 S.W.3d at 82. Misleading statements "affect the voluntariness of the plea, which implicates the pleader's fundamental rights under the Missouri and United States Constitutions." *Samuel v. State*, 284 S.W.3d 616, 619 (Mo.App. W.D. 2009).

Given the procedural history of Legendre's claim, we first consider whether Legendre is entitled to an evidentiary hearing on his amended motion. *See Fisher v. State*, 192 S.W.3d 551, 555 (Mo.App. S.D.2006). The motion court denied Legendre an evidentiary hearing because it found that Legendre's testimony regarding Plea Counsel's representation at his guilty plea and sentencing hearings refuted the claims Legendre later alleged in his mo-

tion. We disagree with the motion court's reasoning and find that the record before us fails to conclusively show that Legendre is not entitled to relief.

Legendre claimed in his motion that he adamantly told Plea Counsel he wanted to contest both his statement to the police and the out-of-court identifications, and that after an initial resistance, Plea Counsel informed Legendre that she had prepared a motion to suppress. Legendre alleged that Plea Counsel told him that she anticipated having a hearing on the motion, but later claimed that the motion hearing was indefinitely postponed, and it was unclear to her when or how the hearing would be conducted. Legendre alleges in his motion that neither Plea Counsel's notes or files, nor the court's minutes, reflect the filing of any motion to suppress with the trial court. These factual allegations, if true, may be sufficient to support Legendre's claim of ineffective assistance of counsel if the misinformation about the motions to suppress caused Legendre to enter a plea of guilty instead of taking his case to trial. Because "[a] plea must be a voluntary expression of the defendant's choice," a guilty plea cannot be "voluntary" if it is the result of fraud, mistake, misapprehension, fear, or persuasion. *Roberts*, 276 S.W.3d at 836; *Hill*, 301 S.W.3d at 82. Legendre's allegations of misrepresentation by Plea Counsel are relevant to the voluntariness of his guilty plea, and, if proven true, could warrant relief by the motion court.

Notably, Legendre's claims of misrepresentation by Plea Counsel regarding the motions to suppress are not refuted by the record. Although Legendre expressed satisfaction with Plea Counsel at his plea and sentencing hearings, Legendre alleged that he only learned that he had been misled by Plea Counsel regarding the motions to suppress after his sentencing. Legendre claimed that when he testified he was satisfied with Plea Counsel's representation, he had no knowledge that she had misled him regarding the filings of the motions to suppress. Thus Legendre's alleged facts are not refuted by the record.

The final requirement for an evidentiary hearing is that the matters complained of must have resulted in prejudice. Legendre claims that but for Plea Counsel's misrepresentations, he would not have pleaded guilty. Certainly we cannot conclude, without evidence, what course of action Legendre would have taken had he known Plea Counsel had not filed any motions to suppress, nor is it within our province to do so. The determination of witness credibility and weighing of evidence lie within the exclusive realm of the motion court. But it is beyond the motion court's authority to determine the credibility of testimony or other evidence which has not yet been presented or examined. *See Fisher*, 192 S.W.3d at 556. Without evidence, one can only speculate as to Legendre's conduct had he known before his plea hearing that no motions to suppress evidence had been filed with the trial court. Legendre is entitled to a factual inquiry on his claim, which, if true, would entitle him to post-conviction relief. *See id.* at 557; Rule 24.035(h). While Legendre has alleged that he would not have pleaded guilty had he known of Plea Counsel's deception, we do not assess the credibility of Legendre's claim, and do not suggest that Legendre is entitled to post-conviction relief. The issue we resolve is simply whether the claim, if proven true by the evidence, constitutes ineffective assistance of counsel and whether the record, absent an evidentiary hearing on the motion, clearly refutes Legendre's claim.

Legendre may be unable to prove the facts he has alleged. But such a determination cannot be made without an eviden-

tiary hearing. The record before us does not conclusively demonstrate that Legendre was not entitled to relief. Should the evidence support Legendre's allegations that he was misled by Plea Counsel into believing one or more motions to suppress evidence were filed with the trial court, such misinformation may have rendered Legendre's guilty plea unknowing and involuntary. If Plea Counsel's misrepresentations induced Legendre to plead guilty when he would have otherwise proceeded to trial, Legendre was prejudiced. Legendre is entitled to an evidentiary hearing on his amended motion for post-conviction relief because he has alleged facts, not conclusions, which if true, warrant relief. These alleged facts raise matters that are not refuted by the record, and which, if true, resulted in prejudice to Legendre.

Given these facts, we find that the motion court's denial of Legendre's Rule 24.035 motion without an evidentiary hearing was clearly erroneous.

### Conclusion

The judgment of the motion court is reversed and the cause remanded for an evidentiary hearing on Legendre's amended motion.

ROBERT G. DOWD, JR., and NANNETTE A. BAKER, JJ., concur.