

# Missouri Court of Appeals

### Southern District

#### Division Two

JAMES RICHARD COLLINS,                          )
                                                )
    Movant-Appellant,                          )
                                                )
vs.                                             )      No. SD33236
                                                )
STATE OF MISSOURI,                              )      **Filed:  November 6, 2014**
                                                )
    Respondent-Respondent.                     )

#### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Thomas E. Mountjoy, Circuit Judge

#### AFFIRMED

James Richard Collins ("Movant"), a prior and persistent felon, entered an

*Alford*[1] plea to the class C felony of domestic assault in the second degree, a violation of

section 565.073.[2]  Pursuant to a plea agreement, Movant was sentenced to six years

imprisonment and a pending burglary charge was dismissed.  Movant thereafter filed a

*pro se* motion for post-conviction relief under Rule 24.035, which was later amended.

Following an evidentiary hearing, the motion court denied relief.  Movant appeals; we

affirm.

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] All references to statutes are to RSMo 2000, and all rule references are to Missouri Court Rules (2014),
unless otherwise specified.

1

The findings of the motion court are presumptively correct. *Cook v. State*, 193 S.W.3d 378, 381 (Mo.App. S.D. 2006). Therefore, our review is limited to determining whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Conley v. State*, 301 S.W.3d 84, 87 (Mo.App. S.D. 2010). Under that standard, the motion court's findings and conclusions are presumptively valid and we will reverse only if "we are left with the definite and firm impression that a mistake has been made." *Bantle v. State*, 165 S.W.3d 233, 235 (Mo.App. S.D. 2005).

On appeal, Movant only challenges the motion court's ruling as to a single claim raised in his Rule 24.035 motion—that Movant's plea counsel was ineffective for failing to abide by Movant's request to interview a "key witness" named Wayne Maggard ("Maggard"), whose "testimony would have helped prove [Movant's] innocence in this case."

We begin by noting that, in deciding to plead guilty, Movant generally waived any future complaint he might have "about trial counsel's failure to investigate his case." *Simmons v. State*, 100 S.W.3d 143, 146 (Mo.App. E.D. 2003).[3] Movant's claim that he was denied effective assistance of counsel, therefore, is only relevant to the extent that it impinges on the voluntariness and knowledge with which the plea was made. *Id.*

> "In order to succeed on a claim of ineffective assistance of counsel based on inadequate preparation or investigation, [a movant is] required to allege what information plea counsel failed to discover; that a reasonable investigation or preparation would have resulted in the discovery of such information; and that the information would have aided or improved his defense."

---

[3] The principle applies with equal force in the context of this case because an *Alford* plea is treated no differently than a guilty plea in which a defendant admits that the particular act charged was committed. *Fisher v. State*, 192 S.W.3d 551, 554 (Mo.App. S.D. 2006).

*Gooch v. State*, 353 S.W.3d 662, 666 (Mo.App. S.D. 2011) (quoting *McVay v. State*, 12 S.W.3d 370, 373 (Mo.App. S.D. 2000)) (alteration in original).

At the evidentiary hearing on Movant's Rule 24.035 motion, Movant testified that before pleading guilty he had been assured by plea counsel that Maggard "had disappeared and that there was no way of getting in touch with him." Movant further testified that, after he was incarcerated pursuant to his guilty plea, he reached Maggard by telephone, whereupon Maggard informed Movant that he had tried to call plea counsel "several times" without response.

The motion court, apparently, did not believe Movant's testimony and was under no obligation to do so. *See Gold v. State*, 341 S.W.3d 177, 180 (Mo.App. S.D. 2011). Indeed, the motion court instead credited the testimony of plea counsel that all attempts to contact Maggard either by phone or in person were unsuccessful.

Deferring (as we must) to this finding, the record before us indicates plea counsel could not locate Maggard, and that Movant was fully aware of this fact at his plea hearing. Yet, at that hearing, Movant expressed complete satisfaction with plea counsel's performance and indicated that it was his intention to plead guilty.[4] The motion court found, and we agree, that the foregoing evidenced that Movant's plea was entered into knowingly and voluntarily, thereby waiving his ineffective assistance of counsel claim. *See Berry v. State*, 214 S.W.3d 413, 417 (Mo.App. S.D. 2007); *McVay*, 12 S.W.3d at 374.

---

[4] At his guilty plea hearing, Movant stated that it was his intention to plead guilty; that he understood the plea agreement; that he had enough time to talk with plea counsel; that he told plea counsel everything that he needed to know; that no one prompted or pressured him to answer untruthfully; the plea counsel did everything Movant had asked him to do; and that he had no complaints about plea counsel's services.

Accordingly, we deny Movant's point and affirm the judgment of the motion court.

Nancy Steffen Rahmeyer, J. - Opinion Author

Don E. Burrell, J. - Concurs

Mary W. Sheffield, P.J. - Concurs