STATE of Missouri, Respondent

v.

Damaris RAWLINS, Appellant.

No. WD 67773.

Missouri Court of Appeals, Western District.

April 1, 2008.

Craig Johnston, Columbia, MO, for appellant.

Stephen Mowry, Liberty, MO, for respondent.

Before HOLLIGER, P.J., LOWENSTEIN and NEWTON, JJ.

HAROLD L. LOWENSTEIN, Judge.

## I. FACTUAL BACKGROUND

Damaris Rawlins appeals her conviction, after a bench trial, for failure to obey a deputy sheriff in the proper discharge of his duties, pursuant to Section 575.145,[1] for which she received a sentence of ten days in the Clay County jail. Rawlins makes a number of claims of error associated with her bench trial. The facts of the case, however, are undisputed.

On December 23, 2005, Rawlins was pulled over by a Clay County deputy for driving a car with license plates that properly belonged to another car. When the officer asked Rawlins for her license and proof of insurance, Rawlins gave a false name and birth date, and stated that she did not have her license on her and that her Kansas license was expired. The officer returned to his car and ran the name Rawlins had given, discovered the alias, and ascertained that Rawlins's Kansas license was, in fact, suspended.

The officer returned to Rawlins's car and told her that she was driving while suspended and, as a result, was going to be taken to jail. Rawlins rolled up her window, gripped the steering wheel with both hands, and stared straight ahead, refusing to acknowledge the officer's repeated requests that she exit the car. A second unit was called after Rawlins again refused the officer's repeated requests to exit her vehicle. The officers were able to unlock the driver's door by going through the open back window and physically removed Rawlins from the car. Rawlins was transported to the Clay County Detention Center and issued two tickets: one for driving while suspended and a second ticket for willfully failing to obey a Deputy Sheriff in the proper discharge of his duties.

## II. PROCEDURAL POSTURE

Rawlins was found to be indigent and an assistant public defender was appointed on January 26, 2006. Rawlins refused to schedule an appointment to meet and discuss her case with counsel. Rather, she would drop off materials after each court date and then insist they discuss the matter over the phone. She would attempt to meet with her attorney on court dates but refused to schedule an appointment on any other date. She contacted counsel by phone and left repeated messages that went unreturned.

On April 12, 2006, Rawlins appeared with counsel to continue her case, after which she engaged in a confrontation with Anthony Cardarella, the Clay County Public Defender. On April 13, 2006, the Public Defender's Office filed a motion to withdraw, citing Rawlins's refusal to schedule an appointment to meet with her counsel.

1. All statutory references are to RSMo (Cum. Supp.2005) unless otherwise noted.

Rawlins filed suggestions in opposition in which she claimed that she could not meet with counsel because driving to Liberty could "potentially put her life at risk or leave her person vulnerable to the prejudicial tactics she has already experienced with [the Clay County] police force."

After a May 10, 2006, hearing the trial court granted the Public Defender's motion to withdraw and gave Rawlins a four-week continuance to find replacement counsel, setting a June 14, 2006, trial date. There was no hint as of May 10 that Rawlins would be unable to employ counsel. On May 26, 2006, Rawlins filed a "notice of appeal" of the trial court's grant of the motion to withdraw.[2]

Rawlins appeared pro se at the June 14 trial. When the court asked if she was going to represent herself, she replied that she was not and that she had contacted five attorneys, none of whom could be present. The court explained that she had been given four weeks to retain new counsel and the court would go forward with the case. Rawlins replied that she had consulted an attorney named Mr. Easton but he could not attend that day. The court offered to call Easton, and if he had, in fact, agreed to represent her and could not be present, a continuance would be granted. Rawlins equivocated, and, after repeating her request for a continuance, without addressing the court's offer, she stated that she "hadn't had enough time to even make money for the attorney."

The State claims, and the record appears to confirm, that Rawlins refused to participate in the case, choosing to sit in the gallery rather than the defendant's table. The court announced that it would go forward with the case, and then said: "Ms. Rawlins, you need to stay up here, Ma'am. Ms. Rawlins? Go grab her.

Ms. Rawlins, you need to stand up here for the trial. You need to be up here for the trial. If you do not stand up in front of the court, ma'am, I'm going to hold the trial without you and you're not going to be allowed to testify."

Following another "unintelligible" reply from Rawins, the court asked: "Are you refusing to stand up here?" Again, Rawlins response was recorded as "unintelligible," seeming to corroborate the State's contention that she refused to participate and sat in the audience.

The State presented the testimony of its only witness, the arresting deputy. At the close of the deputy's testimony, the court asked whether the State had any more witnesses. When the State replied in the negative, the court asked Rawlins whether she wanted to testify. Rawlins replied, "I, I'm going to object for the record to his testimony and to these, he's going on hearsay. He says we when he's one individual." The court overruled Rawlins's objection and again asked if she wished to testify. When Rawlins replied that she didn't know her rights, the court explained that Rawlins had two options; she could testify or she could choose not to testify. Rawlins renewed her objection "to the trial." The court stated: "And I'm assuming you're choosing not to testify at this point since you're not standing up, you're not being sworn in of your own choice."

The court then pronounced its judgment, citing "no evidence to the contrary" and finding Rawlins guilty of resisting arrest. After conferring with the State as to a recommended sentence, the court retired to consult the statute as to the appropriate punishment. Upon its return, the court questioned the arresting officer about Rawlins's behavior after being pulled from the car. The officer indicated that Raw-

**2.** This appeal was dismissed for lack of jurisdiction.

lins was "passive-aggressive" and "wouldn't do anything they asked her to." The court then stated: "Ms. Rawlins, the way this is charged as resisting arrest is actually an "A" misdemeanor which is punishable by up to one year in the Clay County Jail." The court then sentenced Rawlins to ten days in jail with credit for time served.

On June 26, 2006, Rawlins filed a "Motion to Set Aside Judgment in Request of a New Trial" in which she asked the court to vacate and reverse its judgment, or, in the alternative, order a new trial. She claimed that the evidence was insufficient for the court to find she had violated Section 575.145 and raised two discovery violations. She also argued that the court erred in allowing the public defender to withdraw and in convicting her of "resisting arrest".

On December 6, 2006, Rawlins was resentenced in order that a final judgment could be entered in the case for purposes of appeal.[3] At the resentencing, Rawlins, represented by a public defender, informed the court that she had already served her ten-day sentence.

### IV. ANALYSIS

■ Rawlins first claims the trial court erred in allowing the public defender to withdraw. Specifically, she claims that as she did not sign a written waiver and the court did not apprise Rawlins of the perils of proceeding pro se, the trial court erred in going forth with the case.

■ "Criminal defendants are guaranteed the right to counsel, and absent a knowing and intelligent waiver of counsel, no defendant may be imprisoned unless represented by counsel at trial." *State v.*

*Kilburn,* 941 S.W.2d 737, 739 (Mo.App. 1997). Rawlins contends that she did not knowingly and intelligently waive counsel because she did not sign a written statutory waiver. Section 600.051 provides that a written waiver of counsel must be made knowingly and intelligently. To that end, a defendant wishing to waive assistance of counsel must read, or be read, a written waiver that informs the defendant:

(1) That the defendant has been charged with the offense of . . . (nature of charge must be inserted before signing);

(2) That the defendant has a right to a trial on the charge and further that the defendant has a right to a trial by a jury;

(3) That the maximum possible sentence on the charge is . . . imprisonment in jail and a fine in the amount of . . . dollars or by both imprisonment and fine. That the minimum possible sentence is . . . imprisonment in jail or by a fine in the amount of . . . dollars or by both such confinement and fine;

(4) That the defendant is aware that any recommendations by a prosecuting attorney or other prosecuting official are not binding on the judge and that any such recommendations may or may not be accepted by judge;

(5) That if defendant pleads guilty or is found guilty of the charge, the judge is most likely to impose a sentence of confinement;

(6) That, if indigent, and unable to employ an attorney, the defendant has a right to request the judge to appoint counsel to assist the defendant in his defense against the charge.

---

3. Rawlins's appeal had been sent back from this court for lack of a final judgment signed by the judge.

*Id.* The waiver must be signed before and witnessed by the judge or clerk of the court. *Id.* The requirements of Section 600.051 are strictly enforced. *State v. Clay,* 11 S.W.3d 706, 713 (Mo.App.1999).

■ A signed statutory waiver form is not required in every case where waiver of counsel is found. *Id.* A defendant can impliedly waive counsel by his or her own conduct. *Id.* Most of these "implied by conduct" cases have arisen where a non-indigent defendant refuses to secure private counsel. *Id.* However, an indigent defendant may also waive counsel by his or her own uncooperative behavior. *Id.*

Where a court finds a defendant has impliedly waived counsel by his or her conduct, however, the defendant must "be admonished of the perils of self-representation" consistent with a written waiver under Section 600.051. *Kilburn,* 941 S.W.2d at 739. "The defendant should be given such advice *on the record* as is necessary to establish he or she is acting voluntarily, knowingly and intelligently in waiving counsel." *Id.* (Emphasis added.)

In *State v. Kilburn,* the Eastern District of this court stated that, where the court determines that a defendant has impliedly waived counsel, the "defendant was still entitled to be admonished of the perils of self-representation *before* the matter went to trial." *Id.* at 742–43. In *Kilburn,* the defendant's retained counsel had withdrawn two weeks before trial, and the defendant claimed that he had changed addresses and was not notified of the withdrawal until right before trial. *Id.* at 740–41. The court found that there was nothing in the record to indicate that the defendant was told that:

> he would have to proceed to trial without representation if he did not retain an attorney, or advised of the dangers and disadvantage of so proceeding. The transcript of the trial itself does not

indicate defendant was ever previously told he would have to represent himself *pro se* if he did not find a new lawyer, or admonished of the perils of such representation. The trial court, clearly frustrated at the delay (as evidenced by its remarks at the trial and at the subsequent sentencing), simply denied defendant's request for another continuance and ordered the state to proceed with the case.

*Id.* at 743. The court held that the record did not support a "finding that defendant knowingly and intelligently waived his right to counsel." *Id.* at 744.

■ "The state bears the burden of proving the defendant knowingly and intelligently waived the right to counsel." *Id.* at 739. The only record before this court is the trial transcript. The trial transcript does not clearly reflect that the required admonishment was made before trial. Nor was a record made of the May 10 hearing at which the trial court granted the Public Defender's motion to withdraw. Given the lack of a record, the State has failed to meet its burden. Upon the record, the State cannot show, and this court cannot conclude, that Rawlins's waiver of counsel was made knowingly and intelligently.

The result, here, stems from a failure of an adequate record. To avoid such a result, in the future, where no record is made, a court should have the waiver read to the defendant and then have the defendant sign the waiver. Under the particular circumstances of this case, the Section 600.051 waiver could have been obtained at the hearing to allow counsel to withdraw, but surely before the June 14 trial. *State v. Johnson,* 172 S.W.3d 900, 902 (Mo.App. 2005). Where the defendant's conduct, as here, clearly implies waiver of counsel, the court should review the admonishments with the defendant on the record.

This court, however, reaches this conclusion with great reluctance. Rawlins's conduct throughout her case has been seemingly designed to obstruct and frustrate the judicial process at every turn. Rawlins refused to cooperate with her appointed public defender and, when faced with the consequences of her refusal (proceeding to trial without counsel) refused to participate in the trial. Rawlins's actions seem designed to foment frustration with all who are forced to engage with her in their official capacities.

This court notes that Rawlins was appointed an appellate public defender to pursue this appeal. She prevails upon appeal solely because the State could not provide a record of the hearing on the Public Defender's motion to withdraw, as the trial court does not record hearings in its traffic division. If there is a retrial, Rawlins will likely be appointed another public defender to contest the failure to obey charge. Rawlins has already served the ten-day sentence imposed for this charge. No additional punishment can be forthcoming.[4] In the end, after a trial and appeal, with all the attendant costs in time, effort, and money, none of which were borne directly by the defendant, Rawlins will likely be right back where she was in June of 2006.

Nevertheless, the law is clear that the State must prove that Rawlins's waiver of counsel was made knowingly and intelligently. *Kilburn,* 941 S.W.2d at 739. The State has failed to so prove. As Rawlins's first point has been found dispositive, no purpose is served by addressing the balance of her claims of error.

The judgment is reversed and the case remanded.

All concur.

---

4. Under *North Carolina v. Pearce,* 395 U.S. 711, 726, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the court cannot impose a harsher sentence on remand absent "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding."