Gary Lee GOOCH, Movant–
Respondent,

v.

STATE of Missouri, Respondent–
Appellant.

No. SD 31030.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 7, 2011.

Motion for Rehearing and Transfer
Denied Sept. 26, 2011.

Chris Koster, Attorney General, and John M. Reeves, Assistant Attorney General, Jefferson City, MO, for Appellant.

No brief filed by Respondent.

GARY W. LYNCH, Judge.

The State of Missouri appeals the grant of the Rule 24.035 post-conviction relief motion of Gary Lee Gooch ("Movant").[1] The State contends that the motion court's findings and conclusions that there was an insufficient factual basis for Movant's guilty plea and that Movant's plea counsel was ineffective were clearly erroneous. Finding such clear error, we reverse in part the motion court's judgment and remand with instructions.

### Factual and Procedural Background

Movant was charged with one count of arson in the first degree, *see* section 569.040, RSMo Cum.Supp.2005. The State's Information alleged that

---

1. Rules references are to Missouri Court Rules (2011).

on or about the 29th day of March, 2008, ... [Movant] knowingly damaged an inhabitable structure consisting of a duplex located at 621 West Lombard # 4, Springfield, and [Movant] did so by starting a fire at a time when a person was then present and thereby recklessly placed such person in danger of death or serious physical injury.

At a plea hearing, the plea court asked Movant's counsel if Movant wanted the Information read aloud, to which Movant's counsel replied, "He does not, Your Honor." The plea court then went on to outline the proposed plea agreement, which included a sentence of twenty years' imprisonment with a suspended execution and five years' probation. When asked, Movant stated that he was unable to read or write but that he had gone over the plea agreement in detail with his attorney and understood it. The plea court then stated, "Now, there's documents in the case file, everything from the charges that have been filed against you, the plea agreement, all of those things. Have you had help going through all those, so you know what's in your file and the plea agreement and all of those things?" Movant replied, "Yeah."

Movant then stated that he wished to plead guilty and that he was not under the influence of any medication, drugs, or alcohol, nor was he promised anything other than the sentencing recommendation contained in the plea agreement in exchange for pleading guilty. He again stated that he had read the plea agreement, albeit with counsel's help, and that he understood it prior to signing it. Movant further stated that he had had ample time to discuss his case with counsel and that counsel had done everything he desired. Finally, Movant stated that he understood his right to a trial by jury and the presumption of innocence, and that he understood he was waiving these rights by entering his guilty plea.

The State recited the facts it expected to be able to prove if the case proceeded to trial. Following this recitation, the plea court asked Movant "if that is what happened[,]" to which Movant replied, "Yeah." Movant also acknowledged that the State could make a submissible case. Movant then denied that anyone had made any promises to him, other than the plea agreement, to try and get him to plead guilty or that anybody had put any pressure on him to plead guilty. The plea court then asked Movant, "Are you pleading guilty to the Class B felony of arson in the first degree because you're guilty of that offense?" Movant replied, "Yeah."

The plea court found that a factual basis existed for Movant's guilty plea and accepted it. It then sentenced Movant, according to the plea agreement, to a term of twenty years' imprisonment with a suspended execution and five years' probation. Movant subsequently violated his probation, which was then revoked.

Shortly thereafter, Movant filed a timely *pro se* Rule 24.035 motion for post-conviction relief. Motion counsel was appointed and filed an amended motion. In that amended motion, Movant raised six claims of error: (1) there was an insufficient factual basis to support Movant's guilty plea; (2) Movant's sentence was unlawful because the judgment was not signed by a judge or supported by the record; (3) Movant's plea counsel was ineffective for failing to investigate and identify legal and factual defenses; (4) Movant's mental condition rendered him incompetent to enter a guilty plea; (5) Movant was committed to prison by a judge without jurisdiction over the case; and (6) the sentence imposed exceeded the maximum for a class B felony. Regarding his claim of an insufficient factual basis supporting his plea, Movant

specifically claimed that the State failed to present sufficient evidence to support that Movant knowingly set fire to the residence.

At the evidentiary hearing on Movant's amended motion, Movant was the only witness to testify. He testified that he was not guilty, that he had informed his plea counsel that he was not guilty, and that he had pleaded guilty only because plea counsel told him he would be able to get out of jail that day. On cross-examination, Movant stated that he did not recall many aspects of his plea hearing, but that he had, at all times, understood that the charge against him was first-degree arson. When asked if he had told the truth or lied when entering his guilty plea, Movant stated, "I think I told the truth, but I don't know." In its judgment, the motion court granted Movant's motion as to his first and third claims and set aside Movant's conviction and sentence, finding that there was an insufficient factual basis for Movant's guilty plea and that Movant's plea counsel was ineffective for failing to discover the insufficient factual basis and adequately advise his client as such. The motion court denied Movant's motion as to his fourth claim and found the remaining three claims moot as a result of the motion court's decision on claims one and three. The State's appeal timely followed.[2]

### Standard of Review

"Appellate review of the motion court's action on a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous." *Brooks v. State*, 242 S.W.3d 705, 708 (Mo. banc 2008); Rule 24.035(k). The motion court's findings of fact and conclusions of law are clearly erroneous only if, after reviewing the record, "the appellate court is left with the definite and firm impression that a mistake has been made." *Brooks*, 242 S.W.3d at 708 (citing *Weeks v. State*, 140 S.W.3d 39, 44 (Mo. banc 2004)). We presume the motion court's findings are correct. *Crawford v. State*, 105 S.W.3d 926, 927–28 (Mo. App.2003).

### Discussion

■ The State presents two points relied on for our review. We address them in reverse order.[3]

### Counsel not Ineffective

■ In its second point, the State contends,

The motion court clearly erred in finding that defense counsel was ineffective for failing to investigate and discover that the State allegedly lacked any evidence that [Movant] knowingly damaged the residence by starting a fire, thereby rendering [Movant's] guilty plea involuntary, because the State in fact recited sufficient evidence on this matter in that the crime of arson is rarely proven by direct evidence but instead by circumstantial evidence, and the facts recited at the plea hearing, that [Movant] was present at the scene of the fire with a cigarette lighter immediately prior to the fire being started, that he had a motive to start the fire as he was upset with his girlfriend, and that he told in-

---

**2.** Movant did not appeal the motion court's denial of his fourth claim determining that he was, in fact, competent to enter his guilty plea. *See* Rule 81.04(a).

**3.** Movant has not filed a respondent's brief. "While there is no penalty prescribed for the failure to file a [respondent's] brief, we are required to decide the case without the benefit of that party's authorities and points of view." *Fitzgerald v. Director of Revenue*, 922 S.W.2d 478, 479 n. 3 (Mo.App.1996).

vestigators that it was "possible" that he started the fire, would make a submissible case as to whether [Movant] knowingly damaged the residence by setting fire to it.

■■■ "A guilty plea generally waives any future complaint the defendant might have about trial counsel's failure to investigate his case." *Simmons v. State*, 100 S.W.3d 143, 146 (Mo.App.2003). Furthermore, "a guilty plea renders a claim of ineffective assistance of counsel irrelevant except to the extent that it affects the voluntariness and understanding with which the movant made his plea." *Id.* Thus, because Movant pleaded guilty, our review is limited to whether the voluntariness and understanding with which he entered his guilty plea were affected by counsel's alleged failure to fully investigate the case.

> In order to succeed on a claim of ineffective assistance of counsel based on inadequate preparation or investigation, [a movant is] required to allege what information plea counsel failed to discover; that a reasonable investigation or preparation would have resulted in the discovery of such information; and that the information would have aided or improved his defense.

*McVay v. State*, 12 S.W.3d 370, 373 (Mo. App.2000). It is incumbent upon a movant to demonstrate each of his or her claims by a preponderance of the evidence. *Jenkins v. State*, 9 S.W.3d 705, 707 (Mo.App. 1999).

Here, Movant presented no evidence whatsoever pertaining to any of the necessary elements to succeed on his claim that counsel was ineffective for failing to investigate. As plea counsel did not testify, Movant's only arguable evidence on this point amounted to his single statement that he would not have pleaded guilty "[i]f [he] had known that the State didn't have a case[.]" Without any evidence as to what specific information was missing from the State's case, what evidence—if any—plea counsel failed to discover, or that such evidence—if discovered—would have aided or improved Movant's defense, it was impossible for the motion court to determine that plea counsel was constitutionally ineffective, i.e., that plea counsel's alleged actions, or lack thereof, had some bearing on the voluntariness and understanding of Movant's guilty plea.

Because our review of the record fails to disclose any evidence supporting Movant's claim of ineffective assistance of plea counsel, we are left with the definite and firm impression that a mistake has been made and thus find that the motion court clearly erred. The State's second point is granted.

### *Plea was Knowing and Voluntary*

■■ The State's first point relied on reads:

> The motion court clearly erred in granting post-conviction relief to [Movant] on the basis that an insufficient factual basis existed for his guilty plea because a sufficient factual basis existed in that the record of the guilty plea showed that [Movant pleaded] guilty knowingly and voluntarily, with a knowledge of all the elements of first[-]degree arson, in that he admitted at the plea hearing to discussing the charging document with defense counsel, and that document recited all the elements, [Movant] never [pleaded] in his amended motion that he was unaware of the elements of that crime, he presented no evidence to that effect at his evidentiary hearing, and at his evidentiary hearing he admitted that he understood that he was pleading guilty to first[-]degree arson.

We agree.

> A factual basis for a guilty plea is necessary to ensure that the guilty plea

was intelligently and voluntarily entered, thereby satisfying due process requirements. Rule 24.02(e) provides that the court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea. This rule, however, is not constitutionally mandated. Nor does a plea court's failure to comply with this rule render its judgment invalid for lack of jurisdiction. Rather, the purpose of Rule 24.02(e) is to aid in the constitutionally required determination that a defendant enter a plea of guilty intelligently and voluntarily. Rule 24.02(e) serves as protection for an accused who may appear to be pleading voluntarily and with an understanding of the nature of the charge, but who does so without realizing that his conduct does not actually fall within the charge. In other words, a movant's post-conviction constitutional challenge to the knowingness and voluntariness of his or her guilty plea based upon an insufficient factual basis must not only prove the insufficiency of a factual basis on the record before the plea court, i.e., the lack of compliance with Rule 24.02(e), but also must demonstrate that such failure deprived him or her of the actual knowledge of the factual basis for the charge, thereby rendering his or her plea unknowing and involuntary and, thus, unconstitutional.

*Chipman v. State*, 274 S.W.3d 468, 471–72 (Mo.App.2008) (internal citations and quotation marks omitted).

■■ There is no specific procedure to establish the requisite factual basis to support a guilty plea. *Id.* at 472. Rather, the factual basis supporting a guilty plea may be established at any time before judgment is entered, and it may be drawn from the record as a whole, not merely the testimony given during a plea hearing. *Price v. State*, 137 S.W.3d 538, 542 (Mo.

App.2004); *see also Martin v. State*, 187 S.W.3d 335, 339 (Mo.App.2006) ("[T]he factual basis does not have to be established from the defendant's words or by an admission of the facts as recited by the State, as long as the basis exists on the record as a whole."). The pertinent question on appeal is "whether [Movant] understood the nature of the charge against him and not . . . whether a particular ritual was followed or every detail was explained." *Wagoner v. State*, 240 S.W.3d 159, 165 (Mo.App.2007).

Thus, whether the State in this case presented a sufficient recitation of the facts to prove that Movant knowingly set fire to the residence is irrelevant; our task is to determine whether Movant understood the charge to which he pleaded guilty and that he so pleaded voluntarily. "A plea of guilty voluntarily made with understanding of the nature of the charge is conclusive as to guilt and waives all nonjurisdictional, procedural[,] and constitutional infirmities, if any, in any prior stage of the proceeding." *Geren v. State*, 473 S.W.2d 704, 707 (Mo. banc 1971).

As to whether Movant understood the nature of the crime charged against him, at his plea hearing, Movant stated that he understood the charge against him, that he had read the Information and all other documents in his case file with the assistance of counsel, and that he was guilty of first-degree arson. The Information provided him with all the elements of the charged offense. *See Sanford v. State*, 331 S.W.3d 320, 323 (Mo.App.2011). At the hearing on his post-conviction motion, Movant again stated that, at the time he entered his guilty plea, he understood that he was pleading guilty to first-degree arson, and he presented no evidence to the contrary. These statements leave no doubt that, at the time Movant entered his guilty plea, he understood that he was

pleading guilty to arson in the first degree as charged in the Information.

As to whether Movant entered his plea voluntarily, "[a] decision to plead guilty ... is voluntary if the defendant may exercise free will in making that decision[, i.e., if] the choice is made without physical or psychological coercion." *State v. Shafer*, 969 S.W.2d 719, 731 (Mo. banc 1998). In the case at bar, Movant denied being under the influence of any drugs, alcohol, or medication that would impair his mental abilities and assured the plea court that he had not been promised anything other than the agreed-upon sentencing recommendation in exchange for his guilty plea and that he had not been pressured by anybody to enter his plea. He further stated that he was satisfied with the amount of time he had had to discuss his case with counsel and that counsel had done everything Movant had asked. Movant presented nothing new on this point at his post-conviction motion, stating only that he had pleaded guilty because counsel had told him he would be released from custody that day if he did so; his release was pursuant to the agreed-upon sentencing recommendation, as Movant went on to admit. "Movant has the burden of proving the grounds asserted for post-conviction relief by a preponderance of the evidence." *Jenkins*, 9 S.W.3d at 707. While Movant may have desired to be released upon his guilty plea in accordance with the promise of probation in the plea agreement, the benefits of a plea agreement, standing alone, do not support a finding of physical or psychological coercion so as to render the plea involuntary. *Pulliam v. State*, 480 S.W.2d 896, 904 (Mo.1972); *Toler v. State*, 542 S.W.2d 80, 83 (Mo.App.1976).

Having reviewed the entire record and finding no evidence supporting that Movant did not understand the nature of the charge against him or that his plea was involuntary due to physical or psychological coercion, we are left with the definite and firm impression that a mistake has been made and thus find that the motion court clearly erred. The State's first point is granted.

### Decision

We affirm the motion court's judgment as to Movant's fourth claim (Movant was mentally competent to enter a guilty plea), reverse the motion court's judgment on all other claims, and remand with instructions that the motion court enter judgment denying Movant's first (insufficient factual basis) and third (ineffective assistance of plea counsel) claims and addressing the merits of Movant's three remaining claims previously declared moot.

BURRELL, P.J., and RAHMEYER, J., concur.