Michael Sean BLISS, Appellant,

v.

STATE of Missouri, Respondent.

No. SD 31359.

Missouri Court of Appeals,
Southern District,
Division Two.

June 11, 2012.

Ellen H. Flottman, Columbia, MO, for Appellant.

Chris Koster, Attorney General and Evan J. Buchheim, Assistant Attorney General, Jefferson City, MO, for Respondent.

WILLIAM W. FRANCIS, JR., P.J.

Michael Sean Bliss ("Bliss") appeals the motion court's denial of his Rule 24.035 [1] motion for post-conviction relief. Finding no merit to Bliss's appeal, we affirm the motion court.

### Factual and Procedural History

Bliss was charged by information, filed January 15, 2009, with two counts of first-degree statutory sodomy for having deviate sexual intercourse with two children, both of whom were under 12 years old.

The parties executed a plea agreement in which Bliss pled guilty to both counts in exchange for concurrent 12–year sentences. The agreement also provided that the State would oppose any request for probation.

Bliss and plea counsel appeared before the plea court to enter guilty pleas pursuant to this agreement. Bliss stated that he had sufficient time to discuss the "charges" and "all the facts" of his case with plea counsel and that he was satisfied with her services. Bliss also acknowledged the rights he was waiving by pleading guilty, including the right to subpoena and cross-examine witnesses. He affirmed that he understood that by pleading guilty, his right to a trial would "be lost forever" and that he could not later "change [his] mind and plead not guilty[.]" The prosecutor explained the range of punishment to Bliss, which was a 10–year minimum sentence with no limit on the maximum sentence that could be imposed, and that because the crimes to which Bliss was pleading guilty were classified as dangerous felonies, Bliss would be required to serve 85 percent of his sentence before being eligible for parole. The prosecutor also stated the factual basis for Bliss's plea was that the two victims were present in Bliss's apartment when Bliss told both girls that he would take them swimming if they rubbed his penis with lotion, which they did until Bliss ejaculated.

The plea court explained the terms of the plea agreement to Bliss, and Bliss denied that any promises, other than what was in the agreement, or threats had been made to him to obtain his plea. The court accepted Bliss's guilty plea.

During the sentencing hearing, Bliss's plea counsel asked the court to place Bliss on probation, which the prosecutor opposed. Plea counsel also told the court that Bliss knew his life would be difficult even if probation was granted since he already knew that he would be required to register as a sex offender. The court sentenced Bliss in accordance with the plea agreement to 12 years' imprisonment on each count, to run concurrent with each other and any existing sentences. The sentencing court also denied probation.

Bliss filed his *pro se* motion for post-conviction relief on May 3, 2010. An amended motion filed and supplemented by appointed counsel alleged, in part, that Bliss's plea was involuntary in that he was not advised he would be subjected to lifetime supervision due to his convictions, and that Bliss received ineffective assistance of counsel in that plea counsel failed to investigate his underlying claims.

An evidentiary hearing was held and the motion court was directed to the sentencing transcript where no mention was made of lifetime supervision. Bliss testified that his plea counsel did not discuss lifetime supervision with him. Bliss testified that his plea counsel did not investigate his case and that he told her about several witnesses, but she did not contact them. Bliss testified that he continued to tell his plea counsel that he was not guilty, and

1. All rule references are to Missouri Court Rules (2012).

identified a letter he wrote to her in which he maintained his innocence.

Plea counsel testified that she was familiar with the lifetime-supervision requirement and that she would have discussed it with Bliss. She agreed that she "did, in fact, inform Mr. Bliss of that requirement...." She explained that she also discussed the lifetime-supervision requirement with the prosecutor during the negotiating process in an attempt to get that requirement removed. However, once the prosecutor notified her that he could not get "rid of the lifetime-supervision requirement" she would have again discussed that with Bliss. Plea counsel mentioned there was an email from the State regarding the lifetime-supervision requirement. She agreed that lifetime supervision was not mentioned at the guilty plea hearing. Counsel testified that she had the discovery in the case, but she did not do depositions because the "offer would have been affected...."

The motion court entered findings of fact and conclusions of law overruling Bliss's postconviction motion. The findings held that Bliss's claim that his plea was involuntary because he was not informed of the lifetime-supervision requirement was refuted by plea counsel's testimony at the hearing because she testified that she would have discussed lifetime supervision with Bliss. The motion court specifically found that: "This Court believes that [Bliss] was aware of the lifetime-supervision requirement when he pled guilty." The motion court further found that Bliss did not prove any failure to investigate would have aided his defense, and that plea counsel's strategy in failing to fully investigate his case was reasonable under the circumstances. This appeal followed.

Bliss claims the trial court clearly erred in denying Bliss's motion for post-conviction relief because he was denied ineffective assistance of counsel in that plea counsel failed to: (1) advise Bliss that as a result of his guilty pleas he would be subject to lifetime supervision; and (2) fully investigate Bliss's defense. The primary issues for our determination are:

1. Whether Bliss demonstrated that plea counsel's alleged failure to advise him of the lifetime-supervision requirement rendered his plea involuntary and unknowing?

2. Whether Bliss demonstrated plea counsel's alleged failure to investigate affected the voluntariness of his plea?

### Standard of Review

This Court reviews the motion court's findings and conclusions denying a Rule 24.035 motion to determine whether they are clearly erroneous. *Chrisman v. State,* 288 S.W.3d 812, 820 (Mo.App. S.D. 2009). The motion court's findings and conclusions are presumptively valid and will be reversed only if this Court, after reviewing the complete record, is left with a definite and firm impression a mistake has been made. *Id.* The movant bears the burden of proving, by a preponderance of the evidence, the motion court erred. *Stuart v. State,* 263 S.W.3d 755, 757 (Mo. App. S.D.2008). "At a post-conviction relief evidentiary hearing, the motion court determines the credibility of the witnesses and is free to believe or disbelieve the testimony of any witness, including that of the Movant." *Hurst v. State,* 301 S.W.3d 112, 117 (Mo.App. E.D.2010).

### Analysis

Bliss raises two points on appeal. In both points, Bliss asserts that he was denied his right to effective assistance of counsel.

In order to prevail on a claim of ineffective assistance of counsel, movant must show: "(1) Counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise in similar circumstances, and (2) Counsel's failure prejudiced Movant." *Rivera v. State,* 106 S.W.3d 635, 638 (Mo. App. S.D.2003); *see Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Because Bliss's conviction resulted from a negotiated plea of guilty, a claim of ineffective assistance of counsel is immaterial except to the extent that it infringes upon the voluntariness and knowledge with which the plea was made. *Moore v. State,* 207 S.W.3d 725, 729 (Mo.App. S.D.2006). Accordingly, Bliss must prove by a preponderance of the evidence that, but for plea counsel's unprofessional errors, there is a reasonable probability Bliss would have insisted on going to trial instead of pleading guilty. *Id.*

### Point I: Failure to Advise on Lifetime Supervision

First, Bliss argues plea counsel was ineffective for failing to inform Bliss of the lifetime-supervision requirement. The motion court found the evidence at the evidentiary hearing clearly refuted this claim. We agree.

Plea counsel specifically testified that she informed Bliss of the lifetime-supervision requirement. Plea counsel explained that when she was negotiating the case, she even discussed with the State if that requirement could be removed and there was email correspondence regarding this issue. She further testified she would have discussed the issue with Bliss after the State informed her that the lifetime-supervision requirement could not be removed.

The only evidence supporting Bliss's claim was his own testimony that plea counsel did not tell him about the lifetime-supervision requirement. However, the motion court expressly found that Bliss's "claims and testimony are inconsistent with the record in this case" and that his "testimony was not credible." The motion court was free to disbelieve such testimony, and we must defer to the motion court's superior opportunity to judge the credibility of the witnesses. *Hurst,* 301 S.W.3d at 117; *Bradley v. State,* 292 S.W.3d 561, 566 (Mo.App. E.D.2009).

A review of the record does not leave us with the definite and firm impression that a mistake has been made. The motion court did not err in concluding Bliss failed to demonstrate that plea counsel's alleged failure to advise Bliss of the lifetime-supervision requirement rendered his plea involuntary and unknowing. Point I is denied.

### Point II: Failure to Investigate

Finally, Bliss alleges plea counsel was ineffective for failing to investigate his case.

The motion court found Bliss failed to meet his burden of proving any alleged failure to investigate by his plea counsel affected the voluntariness of his plea. Specifically, the motion court noted Bliss did not prove by a preponderance of the evidence any specific information that plea counsel failed to discover, that reasonable investigation would have led to the discovery of the information, and that any such information would have aided his defense. We agree.

When a defendant pleads guilty to an offense, he waives any complaint about his attorney's failure to investigate, except to the extent that the voluntariness of his plea was affected. *Gooch v. State,* 353 S.W.3d 662, 666 (Mo.App. S.D.2011).

To prevail on a claim of ineffective assistance of counsel for failure to investigate, a movant is required to allege what information plea counsel failed to discover, that a reasonable investigation would have resulted in the discovery of such information, and the information would have aided and improved the defense. *Id.*

Bliss's argument fails on its face because it does not allege what information plea counsel failed to discover. Bliss directs this Court to the fact that Bliss "told her about several witnesses, including Jeff Calhoun, Nateasha Temple, Elizabeth Montgomery, and Grace Cargill, but she did not contact them." This, however, is insufficient because it does not allege what specific information these witnesses would have revealed, let alone that any such information would have aided in his defense. Thus, we are not left with a definite and firm impression that a mistake has been made, and do not find the motion court erred in finding plea counsel's alleged failure to investigate affected the voluntariness of Bliss's plea. Point II is denied.

Accordingly, we affirm the denial of Bliss's post-conviction motion.

ROBERT S. BARNEY and DANIEL E. SCOTT, JJ., concur.