

# Missouri Court of Appeals

## Southern District

In Division

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | No. SD37513 |
| | ) | |
| v. | ) | **Filed: January 31, 2023** |
| | ) | |
| MICHAEL EDWARD COX, | ) | |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY

Honorable R. Zachary Horack, Judge

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

Appellant Michael Edward Cox ("Cox") appeals from the trial court's judgment finding him guilty of three misdemeanors and one infraction, following a bench trial in which Cox represented himself.[1] Before trial, Cox signed a waiver-of-counsel form, but the form did not state the offenses for which he was on trial, nor the possible maximum punishment for those offenses. There was no record of the hearing at which Cox waived his right to counsel.[2]

---

[1] The charges were: (Count 1) assault in the fourth degree, § 565.056; (Count 2) resisting arrest, § 551.150; (Count 3) private peace disturbance, § 574.020; and (Count 4) trespass in the second degree, § 569.150. All statutory citations are to RSMo (2016), as supplemented. All rule references are to Missouri Court Rules (2022).

[2] Cox supplied an affidavit from the Scott County Circuit Clerk attesting to the fact that the hearing in question was not sound recorded. The docket entry for the hearing at which Cox waived his right to counsel reads: "State appears by Prosecuting Attorney Amanda Oesch and Assistant Prosecuting Attorney

The trial court found Cox guilty of all the charges and sentenced him to two terms of one-year of imprisonment in the county jail for the first two misdemeanors, with those sentences to run concurrently. He was sentenced to fifteen days in jail for the third misdemeanor, with that sentence to run consecutively to the others. Finally, the trial court ordered Cox to pay a $400 fine for the infraction. Cox appeals from that judgment.

In two points, Cox argues the trial court plainly erred in allowing Cox to proceed to trial without counsel because Cox's written waiver did not strictly comply with the statutory requirements of section 600.051 (point 1) and the hearing on his waiver of counsel was not held on the record (point 2). Finding merit in Cox's arguments as to his misdemeanor convictions, we reverse and remand.[3] We, however, affirm the judgment as to the infraction.

## Standard of Review

Cox acknowledges he has not preserved his objections to his waiver of counsel and seeks plain-error review under Rule 30.20 for both points. When a defendant has not preserved a claim of error, we may exercise our discretion to review the claim for plain error. Rule 30.20. We will not review a claim for plain error "unless the claimed error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted." *State v. Yount*, 642 S.W.3d 298, 300 (Mo. banc 2022) (quoting *State v. Clay*, 533 S.W.3d 710, 714 (Mo. banc 2017)). A demonstrated violation of a defendant's right to counsel satisfies the defendant's burden to prove the manifest injustice or miscarriage of justice required by plain-error review.[4] *State v. Sullivan*, 640 S.W.3d 149, 159 (Mo. App. E.D. 2022); *State v. Masters*, 651 S.W.3d 863, 868 (Mo. App. W.D. 2022).

---

Raymond Brownlee; Defendant appears in person; waives formal arraignment; plea of not guilty; waives counsel. Court Trial 07-28-21 at 2 p.m."

[3] The State did not file a respondent's brief in this case. "While there is no penalty prescribed for the failure to file a [respondent's] brief, we are required to decide the case without the benefit of that party's authorities and points of view." *Gooch v. State*, 353 S.W.3d 662, 665 n.3 (Mo. App. S.D. 2011) (quoting *Fitzgerald v. Director of Revenue*, 922 S.W.2d 478, 479 n.3 (Mo. App. [S.D.] 1996)).

[4] We acknowledge that, in some other cases, this Court has excused a defendant's failure to raise constitutional claims related to a waiver of counsel in a motion for new trial and applied *de novo* review instead of plain-error review. For example, in *State v. Floyd*, 635 S.W.3d 593, 597 (Mo. App. W.D.

Analysis

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.  This constitutional right extends to all offenses for which imprisonment may be imposed, including misdemeanors, like the misdemeanors in this case.[5] *Sullivan*, 640 S.W.3d at 154.  The constitutional right to counsel implicitly embodies a correlative right to waive counsel and represent oneself at trial.  *State v. Black*, 223 S.W.3d 149, 153 (Mo. banc 2007).  For a waiver of counsel to be effective, however, due process requires the waiver be made knowingly and intelligently.  *Sullivan*, 640 S.W.3d at 154.  Without a knowing and intelligent waiver, no person may be imprisoned unless he was represented by counsel at trial.  *Id.*  The State has the burden to prove a waiver of counsel is valid and that the defendant waived the right to counsel with a clear understanding of those rights and the consequences of waiving those rights.  *Id.* at 156.

"The decision whether to allow a criminal defendant to waive the right to counsel and exercise the right of self-representation is one of the most sensitive rulings required of a trial court."  *Black*, 223 S.W.3d at 155.  Accordingly, the trial court has a duty to determine whether a knowing and intelligent waiver has been made.  *State v. Wilson*, 816 S.W.2d 301, 305-06 (Mo. App. S.D. 1991).  To properly execute this duty, a trial court must satisfy two requirements before it can conclude a defendant has effectively waived the right to counsel.  *State v. Ndon*,

---

2021), the Western District of this Court applied *de novo* review to an unpreserved claim that the defendant's waiver of counsel was not knowing and intelligent, noting that a self-represented defendant's failure to object at trial to deficiencies in his waiver of the right to counsel is generally excused.  *Id.* at 596. We need not reconcile these two approaches since we would reach the same result under a *de novo* standard as we do under plain-error review.

[5] In count 4, Cox was charged with trespass in the second degree.  Trespass in the second degree is an infraction, which does not constitute a criminal offense.  §§ 569.150 and 556.021.1.  A judgment against a defendant for an infraction shall be in the amount of the fine authorized by law and the court costs for the offense.  §§ 556.021.1 and 556.021.5.  Because the constitutional right to counsel extends only to those offenses for which imprisonment may be imposed, it follows that Cox had no right to counsel on the infraction charge, since imprisonment could not be imposed for that offense.  *See City of Springfield v. Waddell*, 904 S.W.2d 499, 507 (Mo. App. S.D. 1995).

583 S.W.3d 145, 154 (Mo. App. W.D. 2019); **Masters**, 651 S.W.3d at 868. First, there must be a thorough evidentiary hearing that establishes the defendant understands what rights and privileges are being waived, as well as the dangers associated with waiving those rights.[6] **Ndon**, 583 S.W.3d at 155. "The defendant should be given such advice *on the record* as is necessary to establish he or she is acting voluntarily, knowingly and intelligently in waiving counsel." **State v. Rawlins**, 248 S.W.3d 680, 684 (Mo. App. W.D. 2008) (quoting **State v. Kilburn**, 941 S.W.2d 737, 739 (Mo. App. E.D. 1997)). If the record does not disclose that the defendant's waiver of the right to counsel was a knowing and intelligent one, the presumption arises that it was not. **Sullivan**, 640 S.W.3d at 159. Second, the defendant must be given the opportunity to sign the written waiver-of-counsel form mandated by section 600.051.[7] **Ndon**, 583 S.W.3d at 155. Section 600.051.1 (1) and (3) requires, among other things, that the written waiver contain the nature of the charges and the maximum possible sentence for those charges. A violation of Section 600.051 constitutes a manifest injustice or miscarriage of justice. **Masters**, 651 S.W.3d at 868.

Here, the waiver-of-counsel form signed by Cox did not list the offenses for which he was charged or the maximum punishment for those offenses, as required by section 600.051.1 (1) and (3). Nor is there any record reflecting Cox was apprised of his right to counsel and the difficulties that come with self-representation at trial. By not conducting a sufficient hearing on the record and not providing Cox with a waiver-of-counsel form that complied with section 600.051, the trial court failed to ensure that Cox's waiver of counsel was knowing and intelligent. And because "[t]he right to counsel, by its nature, inherently affects the entirety of a trial[,]" a demonstrated violation of that right satisfies a defendant's burden to prove the

---

[6] This evidentiary hearing is often called a "**Faretta** hearing" and comes from the holding in **Faretta v. California**, 422 U.S. 806 (1975).

[7] The purpose of this statute is to provide objective assurance that the defendant's waiver is knowing and voluntary. **State v. Kunonga**, 490 S.W.3d 746, 764 (Mo. App. W.D. 2016).

manifest injustice or miscarriage of justice required by plain-error review. *Sullivan*, 640 S.W.3d at 159.

It was plain error for the trial court to accept Cox's written waiver of counsel that omitted his charged offenses and maximum range of punishment. Likewise, it was plain error to fail to conduct a hearing on the record to establish Cox understood his rights and the consequences of waiving those rights. Cox's points are granted as to his misdemeanor convictions.

## Conclusion

We reverse Cox's misdemeanor convictions and remand the cause to the trial court for further proceedings consistent with this opinion. We, however, affirm the trial court's judgment as to the infraction.


MARY W. SHEFFIELD, J. – OPINION AUTHOR

JENNIFER R. GROWCOCK, J. – CONCURS

GINGER K. GOOCH, J. – CONCURS