

# In the
# Missouri Court of Appeals
## Western District

**JABYN MICHEAUX,**

                    **Appellant,**

                                                            **WD85462**
                                                    **OPINION FILED:**
                                                    **August 29, 2023**

**v.**

**STATE OF MISSOURI,**

                    **Respondent.**

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Charles H. McKenzie, Judge

Before Division Four:  Gary D. Witt, Chief Judge, Presiding, Cynthia L. Martin, Judge
and, Mary F. Weir, Special Judge

Jabyn Micheaux ("Micheaux") appeals from the motion court's denial of his Rule

24.035[1] motion for post-conviction relief.  Micheaux claims that, contrary to the motion

court's findings and conclusions, he was deprived of the constitutional and statutory right

to be physically present in the courtroom at the time he entered *Alford* pleas.[2]  Micheaux

---

[1]All rule references are to Missouri Supreme Court Rules (2021), unless otherwise
noted.
[2]*North Carolina v. Alford*, 400 U.S. 25 (1970).  An *Alford* plea "differs from most
guilty pleas in that the defendant makes no express admission of guilt during the guilty

also asserts that the motion court erroneously rejected claims that he was deprived of the effective assistance of counsel because trial counsel failed to properly advise him about the effect of running his Missouri sentences concurrently with his Kansas sentence, and failed to provide him with deposition transcripts prior to his plea hearing. Finding no error, we affirm.

## Factual and Procedural History

In September 2020, the State charged Micheaux by superseding grand jury indictment[3] with two counts of the class A felony of domestic assault in the first degree, two counts of the class B felony of abuse or neglect of a child, and one count of the class C felony of abuse of a child. The trial court appointed counsel to represent Micheaux, but Micheaux later sought and was granted the right to proceed *pro se*. However, following a hearing in late November 2020, the trial court reappointed trial counsel to represent Micheaux at his request.

Micheaux's case was set for trial on Monday, March 1, 2021. During a February 23, 2021 pre-trial conference, the attorneys for Micheaux and the State advised the trial court that a plea agreement had been reached and asked the trial court to schedule a plea hearing. The State was unwilling to extend the plea offer beyond Friday, February 26,

---

plea litany." *Tinsley v. State*, 643 S.W.3d 146, 151 (Mo. App. E.D. 2022). In other words, an *Alford* plea allows a defendant to plead guilty and accept criminal punishment without admitting to committing the acts constituting the offense. *Id.* With respect to post-conviction proceedings, "an *Alford* plea is treated no differently than a guilty plea in which a defendant admits that the particular act charged was committed." *Collins v. State*, 447 S.W.3d 222, 223 n.3 (Mo. App. S.D .2014).

[3]Micheaux was initially charged in 2016. Those charges remained pending while he was charged and convicted of criminal offenses in Kansas.

2021. Thus, the plea hearing was scheduled for very late in the afternoon on Friday, February 26, 2021,[4] and was scheduled to be conducted by Webex, a two-way live video application. Neither Micheaux nor his attorney objected to the plea hearing being conducted by Webex.

During the plea hearing, and consistent with the plea agreement, the State sought and secured leave to file an information in lieu of an indictment. The information reduced the two counts of domestic assault in the first degree to class B felonies and dismissed all other charges.

Consistent with the plea agreement, the State recommended that Micheaux be sentenced to seven years' imprisonment on each of the domestic assault counts, with the sentences to run concurrently to one another and concurrently with Micheaux's Kansas sentence.[5]

The trial court asked the State to clarify the meaning of "run concurrent with the Kansas" sentence. The attorney for the State responded:

> I just wanted it to be clear that the State's not seeking consecutive time. [Micheaux's] already been sentenced on that case. The allegations in that case postdate this case, so I don't think that there is really a reasonable circumstance in which it would ever run consecutive, but I just want it to be clear that's not the request here.

The trial court then raised the issue of credit for time served:

---

[4]Trial counsel later testified in Micheaux's post-conviction motion hearing that the guilty plea hearing was scheduled after 5:00 P.M. on Friday, February 26, 2021.

[5]The record indicates that Micheaux was about to be paroled in Kansas in connection with a conviction that related to conduct which postdated the Missouri charges for which Micheaux was entering *Alford* pleas.

3

> [I]n other words, I would propose that [Micheaux] certainly would get credit for any day that he served in the Jackson County Detention Center including if any of those days were being served where he was also getting credit for such time in Kansas, but I don't know that under the law I can give him credit for any time he served in the Kansas [Department of Corrections] on this case. . . . Is that your understanding?

The attorney for the State responded that, unless the Missouri warrant was in effect, Micheaux would not be able to receive credit for time served in Kansas. After further discussion about the availability of credit for time served and the trial court's statement that "the law is going to guide us," Micheaux's trial counsel stated:

> Judge, I don't think anyone's asking you to give him credit for time that he served in the Kansas [Department of Corrections]. We're just saying that it should be concurrent so that when he's released on parole, if he's still on parole in Kansas, it runs concurrently and that parole in Kansas isn't due anything. He has more time on this case and Kansas is a separate case and we understand that. No one's anticipating that he's getting--we've talked about this already. This is about these being concurrent in Kansas in case there's any additional parole or things that happen when he gets released.

The trial court agreed to impose sentences with a direction that they run concurrent with one another and with the Kansas sentence, but made it clear that the law and parole guidelines would dictate the degree to which that directive could be enforced with respect to the Kansas sentence.

Micheaux was then sworn, and entered *Alford* pleas to two counts of the class B felony of domestic assault in the first degree. The trial court conducted an extensive guilty plea colloquy, including confirming that Micheaux was knowingly and voluntarily waiving constitutional and statutory rights that would have been available to Micheaux had he not pleaded guilty and instead proceeded to trial the following Monday. During this questioning, the trial court secured Micheaux's affirmative response that although he

was participating in the guilty plea hearing by Webex, he understood that had he proceeded to trial, he would have been physically present in the courtroom.

Trial counsel then inquired of Micheaux to lay a factual basis for his *Alford* pleas. The trial court followed with additional questions of Micheaux that assured his satisfaction with trial counsel's performance. The trial court accepted Micheaux's *Alford* pleas to two counts of the class B felony of domestic assault in the first degree. Micheaux was afforded the opportunity for allocution, and the trial court then imposed sentence consistent with the plea agreement and entered a judgment accordingly.

Micheaux timely filed a Rule 24.035 post-conviction motion on March 11, 2021. The motion court appointed counsel, and counsel filed a timely Rule 24.035 amended motion ("Amended Motion") on September 23, 2021.[6] The Amended Motion claimed that the trial court's judgment violated the United States and Missouri Constitutions, and Missouri law in four respects: (1) in accepting Micheaux's *Alford* pleas in violation of his statutory right to be physically present at the plea hearing; (2) in accepting Micheaux's *Alford* pleas in violation of his constitutional right to be physically present at the plea hearing; (3) because Micheaux received ineffective assistance of counsel when trial counsel failed to properly advise him of the effect of running his Missouri sentences concurrently with his Kansas sentence; and (4) because Micheaux received ineffective assistance of counsel when trial counsel failed to tell Micheaux about the deposition

---

[6]The transcript of the plea and sentencing hearing was not filed until May 26, 2021, so the 120-day period for filing an amended motion did not begin until that time. *See* Rule 24.035(g).

testimony from two witnesses and failed to give Micheaux copies of those deposition transcripts before his plea hearing.

The motion court held an evidentiary hearing on the Amended Motion on January 7, 2022. The motion court received exhibits and heard testimony from trial counsel and Micheaux. The motion court entered its findings of fact, conclusions of law, and judgment on May 17, 2022 ("Judgment"). The Judgment rejected each of the claims in the Amended Motion. The Judgment concluded that although Micheaux had a right to be physically present in the courtroom during the guilty plea hearing, Micheaux waived that right. The Judgment also concluded that Micheaux failed to meet his burden to establish that trial counsel's performance was deficient and that Micheaux suffered prejudice as a result of trial counsel's performance in connection with both of his claims of ineffective assistance.

Micheaux appeals. Additional facts are discussed as necessary in addressing Micheaux's claims on appeal.

## Standard of Review

Our review of the denial of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 24.035(k). "A judgment is clearly erroneous when, in light of the entire record, the court is left with a definite and firm impression that a mistake has been made." *Courtney v. State*, 662 S.W.3d 344, 349 (Mo. App. W.D. 2023) (quoting *Wynes v. State*, 628 S.W.3d 786, 794 (Mo. App. W.D. 2021)). We presume that the motion court's findings are correct and defer to its credibility determinations. *Id.*

6

Micheaux's four points on appeal allege the motion court committed error in denying each of the claims in his Amended Motion.

***Points One and Two: The Motion Court Did Not Clearly Err in Concluding that Micheaux Waived the Right to Be Physically Present in the Courtroom During the Guilty Plea Hearing***

In his first and second points on appeal, Micheaux argues that the motion court clearly erred in concluding that he waived his right pursuant to section 546.030[7] (Point One), and pursuant to the Missouri and United States Constitutions (Point Two) to be physically present in the courtroom during the guilty plea hearing. Both points depend for their success on the contention that the face of the record establishes that Micheaux did not knowingly, voluntarily, and intelligently waive his statutory and constitutional right to be physically present in the courtroom, and that the trial court's acceptance of his *Alford* pleas and imposition of sentence was thus a jurisdictional defect that can be raised in a Rule 24.035 motion.

The motion court properly found that Micheaux had a constitutional and statutory right to be physically present in the courtroom during his guilty plea hearing. "The United States Constitution, the Missouri Constitution, and Missouri statutory law guarantee the right to be present at critical stages of trial." *K.D.D. v. Juv. Officer*, 655 S.W.3d 222, 227 (Mo. App. W.D. 2022) (citing *J.A.T. v. Jackson Co. Juv. Off.*, 637 S.W.3d 1, 7 (Mo. banc 2022)). Critical stages of trial are those stages of a criminal trial

---

[7]All statutory references are to RSMo 2016 as supplemented through the date of the guilty plea hearing, unless otherwise noted.

in which the defendant's "presence would contribute to the fairness of the procedure." *Id.* (quoting *J.A.T.*, 637 S.W.3d at 8). The entry of a guilty plea and sentencing are "critical stages" during which a defendant has a right to be present. *Cf. Lomax v. State*, 507 S.W.3d 619, 625 (Mo. App. E.D. 2016) (recognizing that the entry of a guilty plea is a "critical stage" of criminal proceedings in which a defendant has a right to counsel).

Under the United States Constitution, the right to be present at critical stages of trial is generally rooted in the Confrontation Clause and the Due Process Clause. *See K.D.D.*, 655 S.W.3d at 227. However, because a guilty plea acts as a waiver of the right to confront accusers, *Class v. United States*, 138 S. Ct. 798, 805 (2018), the right to be present during a guilty plea hearing is rooted only in the Due Process Clause. *See United States v. Gagnon*, 470 U.S. 522, 526 (1985) (holding that it "[has] recognized [a criminal defendant's right to be present] is protected by the Due Process Clause in some situations where the defendant is not actually confronting witnesses or evidence against him").

Article I, section 18(a) of the Missouri Constitution also guarantees a defendant "the right to appear and defend, in person and by counsel" in "criminal prosecutions." In addition, section 546.030 provides, in pertinent part, that no person can be "allowed to enter a plea of guilty in any . . . case unless he be personally present, or the court and prosecuting attorney shall consent to such . . . pleas in the absence of the defendant." *See also* Rule 31.03(a) ("No trial shall be conducted or a plea of guilt entered unless the defendant is present, except that in a misdemeanor case the court, the prosecuting attorney, and the defendant may agree that the defendant need not be present."); Rule

29.07(b)(2) (providing that a defendant convicted of a felony must be personally present when sentence and judgment are pronounced).[8]

Though the motion court properly found that Micheaux had the right to be physically present during his guilty plea hearing, it also properly found that the right is subject to waiver. "The right to be present at critical stages of trial . . . guaranteed by the United States Constitution, the Missouri Constitution, and Missouri statutory law . . . can be waived." *State v. Johns*, 34 S.W.3d 93, 116 (Mo. banc 2000) (citing *State v. Madison*, 997 S.W.2d 16, 21-22 (Mo. banc 1999); section 546.030 (contemplating that the right to be physically present for a guilty plea can be waived by consent); section 561.031.1(10) (allowing personal presence at "[a]ny civil or criminal proceeding" to occur by "two-way audio-visual communication, including . . . closed circuit television or computerized video conferencing" with the consent of the parties); *cf. State v. Hudson*, 607 S.W.3d 756, 758 (Mo. App. W.D. 2020) (holding that defendant's statutory and due process right to be physically present in the courtroom were violated when the defendant objected to attending his sentencing by video conference, and thus did not waive his right to be physically present).

Micheaux's Amended Motion, and his first and second points on appeal, acknowledge that the right to be physically present during a guilty plea hearing can be waived but argue that the face of the record does not reflect that he affirmatively

---

[8]Similarly, section 546.550 provides that where a conviction is for an offense punishable by imprisonment, the defendant "must be personally present" for the purpose of judgment, and section 546.560 provides that "[i]f a defendant is in custody, he must be brought before the court for judgment."

consented to waive that right by appearing via video conference. Micheaux argues that although he did not register an objection to appearing by video conference during the guilty plea hearing, the failure to object is insufficient to establish an affirmative waiver of the right to be physically present. Micheaux thus argues that the face of the record establishes a jurisdictional defect because the trial court had no power to accept his *Alford* plea, or to enter a judgment of conviction and sentence without his physical presence in the courtroom.

The motion court found that Micheaux's constitutional and statutory right to be physically present in the courtroom for the guilty plea hearing had been waived. The motion court observed that as a consequence of Micheaux's knowing and voluntary entry of an *Alford* plea, Micheaux waived all claims that his constitutional and statutory rights had been violated, except jurisdictional defects apparent from the face of the record that deprive the trial court of the power to accept a guilty plea and to impose sentence. The motion court found that the trial court had the power to accept Micheaux's *Alford* plea and impose sentence by way of video conference because the evidence established Micheaux's consent to that process. As a result, the motion court found that Micheaux's claim about not being physically present in the courtroom for his guilty plea hearing was not a jurisdictional defect that could be raised in a Rule 24.035(a) motion. The motion court's findings and conclusions are not clearly erroneous.

Rule 24.035(a) permits a movant to challenge a "conviction or sentence imposed [as violative] of the constitution and laws of this states or the constitution of the United States" in a post-conviction motion. "[A] guilty plea waives all nonjurisdictional defects,

10

including statutory and constitutional guarantees" except to the extent that the plea was not entered knowingly and voluntarily. *State v. Rohra*, 545 S.W.3d 344, 347 (Mo. banc 2018) (quoting *Garris v. State*, 389 S.W.3d 648, 651 (Mo. banc 2012)). "An exception to this general rule of waiver, however, exists where it can be determined *on the face of the record* that the court had no power to enter the conviction or impose the sentence." *Feldhaus v. State*, 311 S.W.3d 802, 805 (Mo. banc 2010) (emphasis added).

The motion court found that the Micheaux's appearance by video conference for his guilty plea hearing could not be a jurisdictional defect that deprived the trial court of the power to accept Micheaux's guilty plea and impose sentence because the record supported a conclusion that Micheaux consented to appearing at the guilty plea hearing by video conference in lieu of being physically present. Trial counsel testified that Micheaux told her the reason he asked for her reappointment was to secure a plea agreement, which he felt he could not do so without counsel. Trial counsel also testified that the State had advised, and Micheaux was aware, that the plea agreement reached shortly before trial would be withdrawn if not finalized by the Friday before the scheduled Monday trial date. Trial counsel met with Micheaux for three hours in negotiating and preparing for the guilty plea. Trial counsel testified it was her practice and custom during the COVID pandemic to make sure all of her clients understood they had a choice whether to be physically present in the courtroom, or to appear by Webex, for guilty plea hearings, and that she had no reason to believe she did not have that conversation with Micheaux. The motion court found that the parties' attorneys advised the trial court that a plea agreement had been reached during a February 23, 2021 pre-trial

11

conference; that they requested a plea hearing before the trial date of Monday, March 1, 2021; that a plea hearing was thus scheduled for late in the day on Friday, February 26, 2021, to be conducted via Webex; that the attorneys were aware of and agreed to have the guilty plea hearing conducted via Webex; that at no time did Micheaux or his attorney object to the guilty plea hearing proceeding by video conference nor request that Micheaux be brought physically to the courtroom for the guilty plea hearing; and that trial counsel for Micheaux testified that Micheaux knew that his guilty plea hearing would be conducted by Webex, that it "could have been in person if . . . he wanted to or expressed that, but we did it over Webex because everyone agreed to it."  The motion court also found that the guilty plea hearing occurred when the trial court was subject to the Presiding Judge's administrative order directing that defendants who were in custody should not be transported to the courthouse for any hearing unless it was a bench trial or a jury trial or was "otherwise necessary."  The plain implication of this finding was that because Micheaux consented, and raised no objection, to appearing for the guilty plea hearing by Webex, the trial court had no reason to assess whether Micheaux's physical presence in the courtroom for the guilty plea hearing was "otherwise necessary" by law. In fact, trial counsel testified that had Micheaux objected to appearing for the guilty plea hearing by Webex, she would have raised the objection with the trial court, but that it was not necessary to do so in this case because Micheaux did not object to appearing by Webex.

Micheaux does not challenge any of these factual findings.  He argues, however, that these "facts" are insufficient to permit us to conclude that Micheaux affirmatively

12

waived his right to be physically present in the courtroom for his guilty plea. The implication of Micheaux's argument is that in the absence of written consent, the transcript of the guilty plea hearing must include an express colloquy wherein the defendant knowingly and voluntarily consents to appearing by video conference in lieu of his right to be physically present in the courtroom. According to Micheaux, in the absence of this demonstrated colloquy in the guilty plea transcript, the record is silent, and the right to be physically present during a guilty plea hearing cannot be implied from a silent record.

Micheaux's argument fails to account for the fact that the "face of the record" in *this* case includes more than the guilty plea transcript. It also includes the February 23, 2021 pre-trial conference over which the motion court presided as the trial court, and about which trial counsel testified during the hearing on the Amended Motion. And it includes evidence of the procedural posture of the case, which established that Micheaux wanted to secure a plea agreement, and that his ability to take advantage of a plea agreement offered by the State shortly before trial would have been lost unless a plea hearing could be scheduled before the end of the day on Friday, February 26, 2021. The need for an expedited plea hearing lends credence to trial counsel's testimony that Micheaux was supportive of proceeding with the guilty plea hearing by Webex. As the motion court noted, it is telling that Micheaux's Amended Motion did not claim that trial counsel was ineffective for failing to object to conducting the guilty plea hearing by video conference, suggestive, as trial counsel testified, that Micheaux consented to appearing at the guilty plea hearing by video conference. *See J.A.T. v. Jackson Co. Juv.*

13

*Office*, 637 S.W.3d 1, 8 (Mo. banc 2022) (observing that waiver of the right to be present during a critical proceeding can be knowingly, voluntarily and intelligently waived, and that "[i]n the absence of evidence to the contrary, [a] defendant's purposeful absence from the courtroom creates the presumption of a valid waiver") (quoting *State v. Johns*, 34 S.W.3d 93, 116 (Mo. banc 2000)) (citing *State v. Driskill*, 459 S.W.3d 412, 426 (Mo. banc 2015)). This nuance is telling because Micheaux testified during the Rule 24.035 hearing that trial counsel never told him that he had the right to appear in person for the guilty plea hearing in lieu of by Webex, and that had she told him of the right, he would have insisted on being physically present--testimony that is consistent with an unasserted claim of ineffective assistance of counsel. Regardless, Micheaux's testimony was inherently inconsistent with trial counsel's testimony. In accepting trial counsel's testimony as credible, the motion court necessarily rejected Micheaux's self-serving testimony as not credible. We are bound by the motion court's credibility determinations. *Courtney v. State*, 662 S.W.3d at 349.

Unlike the juvenile in *J.A.T.*, who "repeatedly asserted his right to be physically present at his adjudication hearing," 637 S.W.3d at 8, neither Micheaux nor trial counsel objected to appearing for the guilty plea by Webex in lieu of being physically present. And unlike the juvenile in *Interest of C.A.M.*, 644 S.W.3d 600, 607 (Mo. App. E.D. 2022), who did not object to appearing by Webex for a certification proceeding, but as to which "nothing in the record indicates his purported unspoken waiver was made voluntarily, knowingly, and intelligently," Micheaux's record, does, as we have

14

explained, include evidence of a voluntary, knowing, and intelligent waiver of the right to by physically present in the courtroom during the guilty plea hearing.[9]

The motion court did not commit clear error in concluding that no jurisdictional defect appears from the face of the record that would have prohibited the trial court from accepting Micheaux's *Alford* plea and imposing sentence because Micheaux consented to appear for his guilty plea hearing by Webex, in lieu of being physically present in the courtroom.[10] [11]

Points One and Two are denied.

### *Points Three and Four: The Motion Court Did Not Clearly Err in Concluding that Micheaux Failed to Sustain His Burden to Establish Ineffective Assistance of Trial Counsel*

---

[9] Our reference to these juvenile cases should not be read to imply that the absence of evidence of a voluntary, knowing, and intelligent waiver of the right to be physically present in the courtroom during a guilty plea hearing yields a jurisdictional defect that is cognizable in a Rule 24.035 proceeding, as opposed to a non-jurisdictional defect that is deemed waived by the voluntary and knowing entry of a guilty plea. We have not addressed or decided this essential premise of Micheaux's first and second points on appeal because the premise is rendered immaterial by the fact that it is apparent on the face of this record that Micheaux did consent to appear at his guilty plea hearing by video conference.

[10] Though not controlling of our decision today, it is important to note that although a defendant has a right to be present at a critical proceeding as a condition of due process, that right exists only "to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *United States v. Gagnon*, 470 U.S. 522, 526 (1985). "The focus is whether, on the whole record, the defendant could have done or gained anything by attending." *State v. Middleton*, 998 S.W.2d 520, 526 (Mo. banc 1999). Here, Micheaux has not argued or demonstrated that a fair and just guilty plea hearing was thwarted by his appearance over Webex in lieu of his physical presence in the courtroom.

[11] Though the evidence in this case supported the motion court's finding that Micheaux waived his right to be physically present in the courtroom, and consented instead to appear by Webex, the better practice would be for trial court's to ensure that the transcript of the guilty plea hearing reflects an inquiry of the defendant that plainly establishes this waiver and consent.

Micheaux's third and fourth points on appeal concern Micheaux's claims that he received ineffective assistance from trial counsel. A claim of ineffective assistance of trial counsel is cognizable in a Rule 24.035 post-conviction motion filed following the entry of a guilty plea, but "any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges upon the voluntariness and knowledge with which the plea was made." *Canfield v. State*, 666 S.W.3d 312, 317 (Mo. App. W.D. 2023). As the movant, Micheaux carried the burden to establish by a preponderance of the evidence both that his trial counsel's performance was deficient in that she failed to exercise the skill and diligence of a reasonably competent attorney and that he was prejudiced as a result of his counsel's errors. *Id.* at 316-17. To establish prejudice, Micheaux had to establish that, but for his trial counsel's errors, he would have not pleaded guilty and instead would have insisted on going to trial. *Id.* at 317. The failure to prove either of these required prongs is fatal to a claim of ineffective assistance of counsel. *Stragliati v. State*, 556 S.W.3d 660, 664 (Mo. App. E.D. 2018).

### Point Three: Effect of the Missouri Sentences Running Concurrently with the Kansas Sentence

Micheaux's third point on appeal asserts that the motion court clearly erred in denying his claim that he received ineffective assistance of counsel because trial counsel failed to affirmatively and accurately advise Micheaux about the effect of running his Missouri sentences concurrently with his previously imposed Kansas sentence. Micheaux claims that he reasonably believed that he would receive credit against his Missouri sentences for all of the time he served on the Kansas sentence. Micheaux

16

claims that, had he understood that he would not receive credit against his Missouri sentences for all of the time he served in Kansas, he would not have pleaded guilty and instead would have proceeded to trial.

"[A] guilty plea must be a voluntary expression of the defendant's choice, and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *Cooper v. State*, 621 S.W.3d 624, 636 (Mo. App. W.D. 2021) (quoting *Neal v. State*, 379 S.W.3d 209, 215 (Mo. App. W.D. 2012)).  A guilty plea is not voluntary if the defendant is misled or if he was induced to plead guilty by fraud or mistake.  *Id.*  Micheaux asserts that he pleaded guilty based on a mistaken belief about the credit he would receive against his Missouri sentences for the time he served in Kansas.  "When considering whether a defendant pleaded guilty based on a mistaken belief about the sentence . . . , the test is whether a reasonable basis exists in [the] record for such belief." *Id.* (quoting *Steger v. State*, 467 S.W.3d 887, 891 (Mo. App. E.D. 2015)).  A reasonable basis only exists if the record demonstrates that the defendant's belief was based upon "positive [mis]representations upon which he was entitled to rely." *Id.*

A review of the record reveals no positive misrepresentations by trial counsel on the subject of credit for time served in Kansas.  Micheaux testified at the evidentiary hearing on the Amended Motion that trial counsel "[n]ever discussed" with him the issue of credit for time served in Kansas prior to the guilty plea hearing.  Instead, Micheaux testified that his belief that he would receive credit against his Missouri sentences for all

17

of the time he served in Kansas was based on the discussions between the trial court and the attorneys during his guilty plea hearing.

The transcript of the guilty plea hearing plainly establishes that Micheaux could not have had a reasonable belief that he would receive credit against his Missouri sentences for all of the time served in Kansas. When the subject of credit for time served was raised, the attorney for the State expressed his belief that Micheaux would not be able to receive credit for the time served in Kansas because section 558.031 only allows credit for time served that was exclusively compelled by Missouri. The trial court stated the it could give no assurance about whether credit against the Missouri sentences would be given for all or any of the time served in Kansas, and instead plainly expressed that the "law is going to guide us . . . on whether [the Kansas] time is considered to be eligible to be considered as served on this Missouri sentence." And trial counsel stated, "Judge, I don't think anyone's asking you to give him credit for time that he served in the Kansas [Department of Corrections]."

This record is in sharp contrast to the record in *Hefley v. State*, 626 S.W.3d 244 (Mo. banc 2021). There, the defendant was statutorily ineligible to attend a long-term drug program, but his trial counsel advised him otherwise and made repeated references to the long-term drug program during the sentencing hearing. *Id.* at 250. The defendant's Rule 24.035 motion was denied because the motion court concluded that the defendant had no reasonable basis to believe that he was eligible for a long-term drug program. *Id.* at 248. Our Supreme Court reversed, concluding that the record "reflect[ed] a reasonable basis for the mistaken belief" on which the defendant was entitled to rely so that the

18

motion court's conclusion the defendant's plea was made voluntarily, knowingly, and intelligently was clearly erroneous. *Id.* at 250.

Here, in marked contrast, Micheaux had no reasonable basis for a belief that all of his time served in Kansas would be credited against the sentences imposed in Missouri. Micheaux has not sustained his burden to establish that trial counsel's performance was deficient or that he suffered prejudice from trial counsel's performance.

The motion court did not commit clear error in rejecting Micheaux's claim that trial counsel was ineffective for failing to properly advise him about the effect of running his Missouri sentences concurrent with his Kansas sentence.

Point Three is denied.

**Point Four: Advising About the Content of Two Depositions and Providing Copies of Deposition Transcripts**

In his fourth point on appeal, Micheaux argues that the motion court committed clear error in denying his claim that he received ineffective assistance of counsel because his trial counsel failed to advise Micheaux about the content of two witnesses' depositions and failed to provide Micheaux copies of the transcripts of those depositions prior to the plea hearing. The two witnesses at issue are the mother of the two infant victims ("Mother") and the doctor who diagnosed the victims' injuries as consistent with child abuse ("Doctor"). Micheaux asserts that, because these two witnesses were the State's main witnesses, and because the Doctor's testimony would be complex, lengthy, and technical, trial counsel's oral summary of the depositions to Micheaux was not a reasonable replacement for giving Micheaux copies of the deposition transcripts to

19

review prior to the plea hearing. Moreover, Micheaux claims that the motion court committed clear error in concluding that the deposition transcripts were not available prior to the date of the guilty plea hearing because the evidence does not support this finding. Micheaux asserts that, had trial counsel advised him about the contents of the depositions and given him the deposition transcripts prior to the plea hearing, there is a reasonable probability he would have chosen to go to trial rather than enter *Alford* pleas.

Trial counsel testified during the evidentiary hearing that, in preparation for Micheaux's trial, she deposed Mother and Doctor shortly before the March 1, 2021 trial date. Copies of the transcripts of both depositions were entered into evidence at the hearing on the Amended Motion. Those transcripts indicate that trial counsel deposed Mother on February 10, 2021, and that Doctor's deposition took place over the course of three days in February 2021. Trial counsel testified that she attempted to discuss both depositions with Micheaux before receiving the transcripts, but that Micheaux did not want to discuss the depositions and instead indicated his intent to enter *Alford* pleas regardless of the deposition testimony. Trial counsel testified that she believed she received the deposition transcripts on February 25, 2021, at which time she instructed her assistant to mail copies to Micheaux, and to place copies in an accordion folder to be given to Micheaux on the morning of trial. Consistent with this testimony, a letter to Micheaux from trial counsel dated February 26, 2021, enclosed copies of the deposition transcripts.

Micheaux testified that trial counsel did not discuss Mother's and Doctor's depositions with him in advance of receiving the transcripts, and that he did not receive the deposition transcripts until a week after the plea hearing.

Trial counsel's testimony that she attempted to talk with Micheaux about the depositions after they were taken but before the transcripts were received was in direct opposition to Micheaux's testimony denying any such discussion. The motion court was in a superior position to resolve this conflict in the testimony. *See Courtney*, 662 S.W.3d at 349. The Judgment found credible trial counsel's testimony that she provided Micheaux with a description of what happened during Mother's and Doctor's depositions, but that Micheaux was uninterested, and wanted to enter *Alford* pleas regardless. The motion court found Micheaux's contrary evidence to be not credible. We are required to defer to that credibility determination. *See Lusk v. State*, 655 S.W.3d 230, 235 (Mo. App. E.D. 2022) ("The motion court is not required to believe the testimony of the movant or any other witness, even if uncontradicted, and [we] defer[] to the motion court's determination of credibility." (quoting *Kerpash v. State*, 618 S.W.3d 278, 282 (Mo. App. E.D. 2021))).

Micheaux acknowledges this unfavorable credibility finding but asserts that the Judgment still must be reversed because the motion court clearly erred when it found that the "depositions were not available prior to the date of the guilty plea." Micheaux points out that trial counsel testified that she received the transcripts on February 25, 2021, and mailed them to Micheaux the next day.

21

The motion court's erroneous factual finding about the availability of the transcripts is immaterial. The motion court found not credible Micheaux's testimony that he would have proceeded to trial had he either been advised about the contents of the deposition transcripts or received copies of the transcripts prior to the guilty plea hearing. Thus, regardless whether the transcripts were physically available before the guilty plea hearing, Micheaux did not sustain his burden to establish that he was prejudiced by not having the transcripts before he entered his *Alford* pleas.

Point Four is denied.

## Conclusion

The Judgment is affirmed.

_____
Cynthia L. Martin, Judge

All concur

22